JOSEPH MONCRIEF, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. That a juror said, before the commencement of a trial, "that he was incompetent ; that he could not sit in the case ; that he had looked into it, and defendant would be hung without any doubt at all," is *prima facie* evidence of disqualification, and, if not known to defendant or his counsel until after trial, and left unexplained by the juror, it is good ground for new trial.

2. An explanatory affidavit attached to the record, but which was not before the judge on the hearing below, will not be considered in this court.

Criminal law. Jurors. Practice in the Supreme Court. Before Judge UNDERWOOD. Floyd Superior Court. January Term, 1877.

Reported in the decision.

WRIGHT & FEATHERSTON, for plaintiff in error.

C. T. CLEMENTS, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offence of murder, and, on his trial therefor, was found guilty. A motion was made by the defendant for a new trial, on the grounds therein stated, which was overruled by the court, and the defendant excepted. The only ground of error contained in the motion seriously insisted on here was, that the defendant had not been tried by an impartial jury ; that one of the jurors who tried him, to-wit : James Davis, was not a competent juror, having prejudged the case against him, which fact was unknown to the defendant or his counsel until after the trial. It appears from the bill of exceptions, that this ground was added to the original motion for a new trial, by way of an amendment thereto, by an order of the court. It appears from the affidavit of Duke, con-

tained in the bill of exceptions, that, after the case was called for trial, and put off for a short time, he heard James Davis say " that he was an incompetent juror; that he could not sit in said case ; that he had looked into it, and that he would be hung without any doubt at all." There are two other affidavits in the bill of exceptions, to-wit : Nancy and William Overby, who heard the juror Davis express his opinion strongly against the defendant before the trial. These facts were unknown to the defendant or his counsel until after the trial, as appears from their respective affidavits.

1. By the constitution of the state, the defendant was entitled to be tried by an *impartial* jury ; but as it was made to appear to the court, without any explanation by the juror, or otherwise, when the motion for a new trial was overruled, the defendant was tried by a jury, one of whom had declared " that he had looked into the case, and that he, the defendant, would be hung, without any doubt at all." This showing, as made without any explanation, entitled the defendant to a new trial, as was held by this court in *Ray vs. The State*, 15th *Ga. Rep.*, 223, and in *Brinkley vs. The State*, 58th *Ib.*, 296. The rule in such cases is, that when a juror is shown by evidence to have been *prima facie* incompetent to have tried the defendant, as an impartial juror, the court will allow the juror to be heard in explanation of the charge made against him, the court acting as trior, to determine whether the juror was competent, as well after as before trial. In the case now before us, the court overruled the defendant's motion for a new trial, as appears from the bill of exceptions, without any explanation from the juror as to his competency, or otherwise, which, in our judgment, was error.

2. It is true that there is an explanatory affidavit of Davis, the juror, in the record sent up by the clerk, but it is not in the bill of exceptions, and was not, and could not have been considered and passed upon by the court in overruling the defendant's motion for a new trial, for the reason that

the judgment overruling the motion for a new trial, is dated the 10th day of March, 1877, and the affidavit of Davis in the record is dated on the 19th of March, 1877, nine days after the judgment of the court was rendered upon the motion for a new trial, and six days after the bill of exceptions was signed and certified by the presiding judge. Although the affidavit of the juror is in the record, it not having been before the court below when its judgment was rendered, nor mentioned in the bill of exceptions as having been before it, this court cannot consider the affidavit, as was held in *Epps vs. The State*, 19th *Ga. Rep.*, 103, the court saying, in that case, " the circuit court has passed upon the case as it was originally presented, and we can only review his decision." The defendant may, or he may not, be guilty of the offence with which he is charged ; but if he is guilty, that is no reason why the court should be less careful to see that he is tried and convicted in accordance with the laws of the state, inasmuch as the penalty is the loss of life. Let the judgment of the court below be reversed.