## SCOTT *v.* THE STATE.

1. Under the evidence disclosed in the record, a charge of the court that "If you should find in this case that the defendant used a weapon, a shotgun, and that was a weapon in its nature likely to produce death, and that he, in shooting that gun, shot and killed the party alleged in the bill of indictment, intending to shoot her, that if there were no circumstances which would justify or mitigate the shooting, he would none the less be guilty of murder, although at the time he so shot he might not have intended to take the life of the party whom he shot," was not open to the criticism that it was injurious to the defendant in "that it relieved the State from the legal duty upon it to show a specific intention to kill at the moment the fatal shot was fired, and left the jury to infer from the court's charge that the defendant would be guilty of murder if he shot his wife without an intention to kill her, and that the shooting was not accidental."

2. In the absence of a timely written request, failure to give instructions upon the subject of impeachment of witnesses is not cause for the reversal of a judgment refusing a new trial.

3. Where a defendant, after conviction, seeks a new trial on the ground of partiality of one of the jurors, shown by certain declarations of the juror made before his acceptance, it is incumbent on the defendant, on the hearing of the motion for new trial, to prove affirmatively that neither he nor his counsel had knowledge of the alleged disqualification of the juror before the rendition of the verdict. Testimony of the witness by whom the alleged disqualification was sought to be proved, merely to the effect that, after hearing the juror make the disqualifying declarations, he, the witness, had not communicated them either to defendant or his counsel before the rendition of the verdict, was not sufficient to show want of such knowledge by defendant or his counsel.

4. In the brief of counsel for plaintiff in error before this court the ground of the motion for new trial which related to newly discovered

evidence was expressly abandoned. The evidence was sufficient to support the verdict.

Argued December 21, 1908.—Decided April 14, 1909.

Indictment for murder. Before Judge Wright. Chattooga superior court. October 22, 1908.

*F. W. Copeland* and *C. D. Rivers,* for plaintiff in error.

*John C. Hart, attorney-general, W. H. Ennis, solicitor-general,* and *Wesley Shropshire,* contra.

ATKINSON, J. The defendant was convicted of murder, with recommendation that he be punished by imprisonment in the penitentiary for life. He moved for a new trial, which being refused, exception was taken by writ of error to this court. The evidence disclosed that the deceased was the wife of defendant, and that the cause of her death was a wound inflicted by the defendant by discharging a gun loaded with small shot, which took effect in the calf of her leg. The theory of the defense was accident.

1. One of the grounds of the motion for new trial complained that the court erred in charging: "If you should find in this case that the defendant used a weapon, a shotgun, and that was a weapon in its nature likely to produce death, and that he, in shooting that gun, shot and killed the party alleged in the bill of indictment, intending to shoot her, that if there were no circumstances which would justify or mitigate the shooting, he would none the less be guilty of murder, although at the time he shot he might not have intended to take the life of the party whom he shot." The criticism made upon the charge was "that it relieved the State from the legal duty upon it to show a specific intention to kill at the moment the fatal shot was fired, and left the jury to infer from the court's charge that the defendant would be guilty of murder if he shot his wife without an intention to kill her, and that the shooting was not accidental." Inasmuch as death actually ensued as a result of the gunshot, the charge of the court was sustained by the rulings reported in the cases stated below, and was not sufficient cause for the grant of a new trial. *Stovall* v. *State,* 106 *Ga.* 443, 447 (32 S. E. 586); *Freeman* v. *State,* 70 *Ga.* 736, 739; *Collier* v. *State,* 39 *Ga.* 31 (99 Am. D. 449); *Hill* v. *State,* 41 *Ga.* 485; *Chelsey* v. *State,* 121 *Ga.* 340, 344 (49 S. E. 258); *Napper* v. *State,* 123 *Ga.* 573 (51 S. E. 592).

2. Another ground of the motion for new trial was: "Movant

further contends that evidence was introduced by defendant to impeach the witness Lee Shropshire, who testified for the State, and without whose testimony, as defendant contends, there could have been no conviction, and the court failed to refer to said impeaching testimony in its charge; on which account movant contends he was deprived of a legal trial." This ground of the motion fails to set forth or otherwise specify the impeaching testimony relied on; but aside from this, a judgment refusing a new trial on a ground complaining of a failure to charge the law with regard to impeachment of witnesses, where no timely written request was made for such charge, will not be reversed. *Cæsar* v. *State*, 127 *Ga.* 710 (57 S. E. 66).

4. Another ground of the motion for new trial was as follows: "Movant further amends and says a new trial should be granted on account of the partiality of one of the twelve jurors that found defendant guilty, and because of his prejudice against defendant when he qualified as a juror in said case, as shown in the affidavit of D. W. Ledford, hereto attached as a part of this amendment." The affidavit referred to was as follows: "Affiant is a bailiff in said court, and in such capacity has been in attendance upon said court and its trial juries at the present September term, 1908, that he knows C. F. Hense, who was one of the jurors who tried defendant and returned a verdict of guilty against him at said term, and affiant says that he heard said above-named juror say, prior to being sworn and accepted as a juror in the above-stated cause, and while serving as a juror in another case—affiant says that he never communicated these facts to defendant or to either of his counsel until after the conviction of defendant—that he heard said C. F. Hense say that he did not care if he did get on the jury to try Luke Scott, that it would not take long to hang him, that said Luke Scott ought to be mobbed; and that said C. F. Hense was then talking of the above-stated cause." There was no affidavit from the defendant or his counsel to the effect that they did not know of the alleged disqualification of the juror. In this respect the motion was defective. If the defendant or his counsel knew of the incompetency of the juror before verdict, they should have complained then, without waiting to take the chance of any benefit that might flow from a favorable verdict, and, as the presumptions are all in favor of the legality of the verdict, the burden of proof rested

upon the defendant to show that neither he nor his counsel knew of the disqualification before verdict. There was no attempt made to prove these negatives, except by the affidavit of the witness offered to impeach the competency of the juror. He merely said that "he never·communicated these facts to defendant or to either of his counsel until after the conviction of defendant." That is insufficient, because others may have heard the remarks made by the juror and may have communicated them to the defendant or his counsel, or the witness may have told others what he had heard the juror say, and they may have informed the defendant or his counsel. The requisite proof on questions of this kind is usually made by affidavits of the defendant and his counsel in which they expressly deny having had knowledge of the existence of the incompetency of the juror at any time before the verdict. This was done in *Glover* v. *State, 128 Ga.* 1 (57 S. E. 101), *Moncrief* v. *State, 59 Ga.* 470, and other cases where judgments refusing motions for new trials have been reversed.

4. The statement made in the 4th headnote needs no further reference. 　　　　*Judgment affirmed. All the Justices concur.*