## ALLEN v. THE STATE.

1. The court did not err in giving the charges excepted to upon the ground that they were not applicable to the facts of the case, it appearing that there was some evidence to which those portions of the charge were applicable.
2. The defendant being on trial for murder, and it being contended by his counsel that the death of the person who was shot resulted rather from unskillful medical treatment than from the wound, it was not reversible error for the court to charge the jury as follows: "I further charge you that if you believe from the evidence that the defendant unlawfully inflicted upon the deceased a mortal wound from which he thereafter died, he is responsible, though such wound' was aggravated by improper and unskillful medical treatment and the death would not have resulted in the absence of such unskillfulness. The accused would not be relieved of responsibility for the death of Elliott Foreman, if you believe that the defendant is guilty of killing him and that in so doing he committed an offense; the accused would not be relieved' of responsibility, under such a state of facts, of the death of Elliott Foreman because of negligence in the treatment of a mortal wound or of unskillful treatment of a wound which was not necessarily mortal, but which was the primary cause which produced other and secondary causes from which the death of the deceased resulted." ATKINSON, J., dissenting.
3. Under the facts of the case the court did not err in refusing to charge the jury on involuntary manslaughter.

Submitted June 21,—Decided August 14, 1909.

Indictment for murder. Before Judge Martin. Laurens superior court. May 10, 1909.

*Thomas & Weddington* and *John R. Cooper,* for plaintiff in
error.

*John C. Hart, attorney-general,* and *E. D. Graham, solicitor-
general,* contra.

BECK, J.    The defendant, Ira Allen, was indicted for the offense
of murder.    Upon the trial the jury returned a verdict of guilty,
with a recommendation that the defendant be confined in the peni-
tentiary for life.    A motion for a new trial was made upon several
grounds, and to the order overruling the motion defendant excepted.

1.    In the first ground of the amendment to the motion for a
new trial error is assigned upon the following charge of the court:
"While mere words, threats, menaces, or contemptuous gestures
will not constitute equivalent circumstances within the meaning of
the section of the code defining voluntary manslaughter, which I
have given you in charge, which will reduce murder to manslaugh-
ter, yet what other equivalent circumstances will present this equiv-
alence and justify the excitement of passion and exclude all idea
of deliberation or malice the law does not specifically declare.    The
law furnishes the standard and leaves the jury in each case to make
the comparison and determine whether the facts and the circum-
stances proven in the case being tried measure up to that standard
or not.    The equivalent circmustances contemplated by the law are
not necessarily such attendant facts and circumstances as are in
the nature of an actual assault or an attempt to commit a serious
personal injury on the person of the defendant, but must be such
as are reasonably calculated to produce the same state of mind on
the part of the defendant as would an assault or an attempt to
commit a serious personal injury on him, and of which the jury are
the sole and exclusive judges."    The charge is excepted to on the
ground that it was not applicable to the evidence in the case; that
there was no evidence at all, adduced on the trial, of any threats
made by the deceased towards the defendant, and that therefore
the charge was misleading and prejudicial to the rights of the ac-
cused; and that the defendant did not claim that he killed the
deceased because the latter had threatened his life.    An examina-
tion of the evidence introduced shows that one of the witnesses for
the defendant testified that the deceased used words which could
be construed into a menace against the defendant.    The testimony

of the witness referred to was in part as follows: "I was in the house at the time he [Elliott Foreman] was shot. I saw Will Anderson there. Will Anderson had a pistol in his hand; he said he would light up the road if Ira Allen carried them girls home. He said he was going to light up the road. Ira Allen told him he didn't want to have any fuss, to go on home with the girl, he was not anxious to carry her home. I saw Elliott Foreman; he was standing at the fireplace; he walked from the fireplace down in the middle of the house, and said, 'Will Anderson, I would not take that.' He told Anderson that he would shoot him if he was him,—would shoot Ira. Three girls had Will Anderson, holding him near the middle door; three girls got hold of him. While the girls had him, Elliott Foreman and Ira tied up." In view of this and other similar testimony given by witnesses introduced by the defendant, it is manifest that the exception to the charge on the ground that it was inapplicable to any evidence in the case was without merit.

In the third ground of the amendment to the motion error is assigned upon the following charge of the court: "A bare fear of any of those offenses to prevent which the homicide is alleged to have been committed shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the defendant really acted under those fears and not in a spirit of revenge. The idea of prevention or defense against an impending or a progressing wrong, or an apparently impending or progressing wrong, must enter into all cases of justifiable homicide. The fears of a slayer must be those of a reasonable man, one reasonably courageous, and not those of a coward; for the law does not justify a killing by one who believes that he has grounds to fear that he will be injured, without any regard to the extent of the injury. The sufficiency of the fears is, under the evidence, a question exclusively for the jury to pass upon and determine; and if there be a reasonable doubt as to the defendant's acting under such fears, or had sufficient reason to believe that it was necessary to kill in order to save his own life or to prevent a felony of any grade being committed upon his person, the defendant is entitled to the benefit of the reasonable doubt, and you should give him the benefit of it." And this portion of the charge

is also excepted to on the ground that it was not authorized by the evidence. It is true that the defendant himself in his statement insisted that the shooting was entirely accidental; but he introduced witnesses who testified that, after having used the language set out above, the deceased, with a pistol in his hand, advanced upon the defendant and engaged him in a struggle. As to whether the deceased actually advanced in a menacing and threatening manner upon the defendant, the evidence is both conflicting and confusing; but in view of the testimony of defendant's own witness, just referred to, it can not be said that the charge last quoted was unauthorized.

2. The court charged the jury as follows: "I further charge you that if you believe from the evidence that the defendant unlawfully inflicted upon the deceased a mortal wound from which he thereafter died, he is responsible, though such wound was aggravated by improper and unskillful medical treatment and the death would not have resulted in the absence of such unskillfulness. The accused would not be relieved of responsibility for the death of Elliott Foreman, if you believe that the defendant is guilty of killing him and that in so doing he committed an offense; the accused would not be relieved of responsibility, under such a state of facts, of the death of Elliott Foreman because of negligence in the treatment of a mortal wound or of unskillful treatment of a wound which was not necessarily mortal, but which was the primary cause which produced other and secondary causes from which the death of the deceased resulted." This charge was excepted to on the ground "that if the doctor killed the deceased by unskillful treatment of the wound by probing for the bullet and by sticking sharp instruments in the body of Elliott Foreman, then the defendant could not be guilty of the guilt and crime of murder. Therefore the charge above, instructing the jury that the defendant would be guilty of the crime of murder, even though the deceased man died from the unskillful treatment of the doctor, is error, and the defendant's counsel assigns the same as error." We do not think that the charge complained of is open to the criticism made upon it. The court did not, as counsel contend, instruct the jury "that the defendant would be guilty of the crime of murder even though the deceased man died from the unskillful treatment of the doctor."

Although the language of this charge was somewhat confused in its terms and inapt to convey the instruction sought to be given the jury, it was not such as to require a new trial. In *Downing* v. *State,* 114 *Ga.* 30 (39 S. E. 927), the court said: "On a prosecution for murder or manslaughter it is not error to charge that the accused would not be relieved of responsibility for the death of the deceased because of negligence in the treatment of a mortal wound, or of unskillful treatment of a wound which was not necessarily mortal, but which was the primary cause which produced other and secondary causes from which the death of the deceased resulted."

3. The court did not err in refusing to charge the law of involuntary manslaughter. Not only in his statement, but in his motion for a new trial, the defendant contended "that he killed him [deceased] through misfortune and accident," and that theory of the case was fairly and fully submitted to the jury.

There were other grounds of the motion for a new trial, but it is unnecessary to discuss them, as they do not in any wise involve any novel principle of law, and are clearly without merit. The evidence authorized the verdict; and the trial judge having approved it, this court will not interfere.

*Judgment affirmed. All the Justices concur, except Atkinson, J., dissenting.*