## BRYAN v. JONES, admr.

FISH, C. J. 1. On the trial of an action brought by an administrator for the recovery of certain gold coin and other personalty, alleged to be in the possession of the defendant and to have been in the possession of the intestate at the time of his death, where there was evidence tending to show that the intestate, during his last illness and within a few days prior to his death, told the defendant, who had been nursing him during such illness, that there was sufficient money in intestate's trunk, where he kept his gold, to pay all the expenses of his burial, and that the defendant could "have the balance," and where there was evidence tending to show also that the defendant did not take possession of the gold until after the intestate's death, it was not error for the court to instruct the jury as follows: "As to the gold in controversy, I charge you that the burden is on the defendant to show by proof not only that he had gotten possession of the gold, but that the deceased [the intestate] had actually given him the gold. Mere direction to use it after burying him [the intestate], and that he should have the balance, would not be a gift. There must be proof that [the intestate] himself delivered or turned over the gold to the defendant . . in some way, either actual or manual delivery, as I have explained to you, or some act upon his part which would show that he had parted with dominion over it, and transferred that dominion and control to" the defendant.

2. Failure of the court, in the absence of a request, to charge the jury "as to the effect of admissions coupled with explanatory or self-serving declarations" is not cause for a new trial. See *Scott* v. *State,* 117 *Ga.* 14 (43 S. E. 425) ; *Clark* v. *State,* 117 *Ga.* 254 (5), (43 S. E. 853) ; *Green* v. *State,* 118 *Ga.* 755 (45 S. E. 598) ; *Steed* v. *State,* 123 *Ga.* 569 (3), (51 S. E. 627) ; *Sasser* v. *State,* 129 *Ga.* 541 (8), (59 S. E. 255) ; *Mallary* v. *Moon,* 130 *Ga.* 591 (2), (62 S. E. 401) ; *Summerlin* v. *State,* 130 *Ga.* 791-796 (6), (61 S. E. 849) ; *Pierce* v. *State,* 132 *Ga.* 27 (2), (63 S. E. 792) ; *Scott* v. *State,* 132 *Ga.* 357 (2), (64 S. E. 272).

3. Nor was it cause for a new trial in this case that the court omitted, in the absence of a request, to charge the jury as follows: "When a person is in possession of a personal chattel of another as agent of the owner, it is not essential to the validity of a gift of such chattel to such agent that he make manual delivery of such chattel back to the owner to be redelivered back to him."

4. The instructions of the court to the jury as to the law of gifts applicable to the evidence in the case were full, explicit, and fair. The evidence authorized the verdict, and there was no error in refusing to grant a new trial.     *Judgment affirmed. All the Justices concur.*

FEBRUARY 18, 1910.

Equitable petition. Before Judge Kimsey. Lumpkin superior court. January 19, 1909.

*O. J. Lilly,* for plaintiff in error.

*H. H. Perry* and *R. H. Baker,* contra.