## McCORMICK *et al.* v. PICKETT *et al.*

In the bill of exceptions error is assigned upon the judgment of the trial court in overruling the motion for a new trial.   The motion for new trial is based solely upon the general grounds.   There is no complaint of any error in the charge of the court or of any ruling made pending the trial, either as to the pleadings or with regard to the admission of evidence.   The result of the trial depended upon a single issue as to

Appeal and Error, 4 C. J. p. 834, n. 59; p. 906, n. 42.

which the evidence was in conflict. The verdict having been approved by the trial judge upon review, this court will not undertake to interfere with the exercise of his discretion in this case.

No. 6128.     APRIL 11, 1928.

Cancellation of deed. Before Judge J. H. Thomas. Glynn superior court. May 20, 1927.

*R. S. Field* and *W. C. Little,* for plaintiffs in error.

*H. B. Williams, A. A. Nathan,* and *Clark & Gibbs,* contra.

RUSSELL, C. J. The plaintiffs brought an equitable petition alleging that they had title to and were in possession of a described tract of land on St. Simons Island. They alleged that a certain deed executed by the defendant, Mrs. Virginia McCormick, to Mrs. Lilly Griffith McCormick, which was of record, was a cloud upon their title, and prayed that as such it be canceled. Attached to the petition is an abstract of title upon which the plaintiffs rely. It is stated in the approved brief of evidence used upon the motion for a new trial that "By agreement of counsel this case was narrowed down to the question of whether a deed made by Mrs. Anna D. Dodge to Mrs. Virginia C. McCormick and Mrs. W. A. McDonald was executed in 1919 as the recorded copy thereof would indicate, or if it was in fact executed in 1921, the defendants claiming the latter date to be correct. It was further agreed that the defendants might use a certified copy of the deed from the records, and would not be precluded from contesting the correctness of the date as shown thereon, it being impossible for them to produce the original instrument." The plaintiffs introduced in evidence a deed from Mrs. Anna D. Dodge to Miss Annie L. Pickett, dated January, 1923, conveying a one-half interest in and to the property in question; also a deed from Mrs. W. A. McDonald to the other plaintiff, Mrs. Sarah C. Schumpert, likewise conveying a one-half interest in said property. Both of these deeds were recorded on February 13, 1923. They also introduced a certified copy of the deed from Mrs. Virginia C. McCormick to Mrs. Lilly Griffith McCormick, dated February 3, 1923, which is the deed the plaintiffs sought to have canceled. There was introduced in evidence by the defendants, with the right to attack the same which has previously been referred to, a certified copy of the deed executed by Mrs. Anna D. Dodge to Mrs. W. A. McDonald and Mrs. Virginia C. McCormick, which, as

recorded, purports to have been executed and delivered on November 22, 1919, and which was recorded November 28, 1921. This is the deed under which the defendants claim title to land of the same description as that claimed by the plaintiffs. The defendants did not attempt to dispute the record showing that on May 14, 1921, Mrs. Virginia C. McCormick (as well as Miss Annie L. Pickett) reconveyed all of her right, title, interest, claim and demand in the 35-acre tract in dispute to Mrs. Anna D. Dodge, the grantor under whom the plaintiffs in the case claim title; but Mr. McCormick, the agent of both of the defendants, asserted that he never had anything to do with the transaction and was not concerned in any purchase of this tract of land until the autumn of 1921, and that he drew on his own typewriter the deed which purported to have been executed in 1919, and was certain he would not have placed a date in the deed two years prior to its actual execution. The plaintiffs introduced the deputy clerk of the superior court who was in charge of recording deeds at the time of the record, who would not swear positively that it was impossible for a mistake to have been made, but whose testimony as to several circumstances tended to corroborate the validity of the record, and called especial attention to the fact that there was much less likelihood of the record entry being 1919 when it should have been 1921, when, as in this instance, the record showed that the date was written out in full, nineteen hundred and nineteen. There are numerous circumstances in the case corroborating, to a greater or lesser extent, the contentions of each of the parties, which we deem unnecessary to detail. As agreed by both of the parties, the issue was one purely of fact. As appears from the record the evidence would have authorized a verdict for either party, but a verdict in favor of the defendants was not demanded. As Judge Bleckley once remarked, the jurors are the best doctors of doubt. In the conflict of the evidence in this case the jury seems to have adjudged that the plaintiffs had established their case by the preponderance of the evidence, and their finding has been approved upon review by the judge who presided in the trial, in the conduct of which there is not a single assignment of error in the motion for new trial except those predicated upon the contention that the verdict is contrary to evidence, against the weight of evidence, and contrary to law.

Counsel for the plaintiffs in error strenuously insist that the jury were not authorized to arbitrarily disregard the testimony of Mr. McCormick. This statement embraces a sound principle of law, but we can not concur in the view that the jury "arbitrarily disregarded" this testimony. There was testimony in behalf of the plaintiffs, and numerous circumstances in the case, which the jury was authorized to prefer as of superior evidentiary weight; and even though all of the members of this court might be of the opinion that the jury should have believed McCormick, this fact would not authorize a reversal of the judgment and the award of another trial. *Judgment affirmed. All the Justices concur.*