30352.   COX *v.* NORRIS.

DECIDED FEBRUARY 4, 1944.

*William A. Thomas,* for plaintiff.

*R. C. Johnson, Beck, Goodrich & Beck,* for defendant.

SUTTON, P. J.   John A. Cox sued Holloway Norris for damages on account of injuries received by him in a collision of his motorcycle with the defendant's truck.   His petition alleged substantially as follows: He was operating a motorcycle along the highway between Thomaston and Zebulon, and as he approached the farm of the defendant which abutted on the highway, and was some 300 or 400 yards away, the defendant drove a truck from his driveway up to and upon a portion of the highway; upon observing the truck, the plaintiff reduced the speed of his motorcycle to about 50 miles an hour, and gave warning of his approach; when he was within a few yards of the truck, he turned the motorcycle to the left side of the highway, considering the direction he was traveling, in order to pass the truck, whereupon the defendant, unnecessarily and without warning, drove the truck rapidly across the highway, thereby causing the collision between the motorcycle and the truck in which the plaintiff was severely and permanently injured in the particulars described; he had suffered physical and mental pain from his injuries and would continue to suffer from them; at the time of his injuries he was 22 years of age with a life expectancy

of 50 years and was capable of earning $100 a week; the defendant was negligent, and proximately and directly caused the plaintiff's injuries because the defendant "(a) did not see the approach of plaintiff; (b) did suddenly, violently, unnecessarily, and without warning to plaintiff, cause his said truck to lunge completely and suddenly across said highway in the path of plaintiff's motorcycle at a time when plaintiff had a right to drive to the left of said highway and pass defendant; (c) that on information and belief defendant is by reputation in the habit of negligently having such collisions at said scene or similar scenes and such habit and reputation constitutes negligence by habit; (d) defendant did not, in obedience to a state statute, to which attention of the court is prayed, observe the conditions of traffic before he suddenly and without warning, violently lunged his said truck across said highway, causing said collision, and therefore is guilty of negligence per se." Judgment was sought in the sum of $50,000. By amendment, the plaintiff alleged that the defendant was negligent in planting a bush in his yard which obstructed the view of the highway as the defendant approached same from his barnyard.

The defendant filed a general demurrer to the petition, and special demurrers to the grounds of negligence set out above as (c) and (d), upon the grounds that same were irrelevant and immaterial; that they did not set out any valid ground of negligence against the defendant; that they were mere conclusions of the pleader, and were not correct statements of the law.

The court overruled the general demurrer, but sustained the special demurrers, and allowed the plaintiff 30 days in which to amend the petition. The plaintiff did not amend, but assigned error pendente lite on the ruling of the court sustaining the special demurrers, and assigned error thereon in the bill of exceptions.

A verdict and judgment were rendered in favor of the defendant, and the plaintiff filed a motion for a new trial, which was later amended. The court overruled the motion, and the exception here is to that judgment and to the judgment sustaining the special demurrers.

■ The court did not err in sustaining the special demurrer to the allegation of the petition, "that on information and belief, the defendant is by reputation in the habit of negligently having such collisions at said scene or similar scenes and such habit and repu-

tation constitutes negligence by habit." In actions for damages for injuries sustained in an automobile accident alleged to have been caused by the negligence of the defendant, the issue before the court is the negligence or non-negligence of the defendant at the time and place of the accident. 45 C. J. 1246, § 809. And each transaction must be ascertained by its own circumstances, and not by the reputation or character of the parties. 20 Am. Jur. 300, § 319. It is a general rule that in a suit for negligence, evidence of similar acts or omissions on other and different occasions is not admissible. *Hollomon* v. *Hopson,* 45 *Ga. App.* 762, 765 (8) (166 S. E. 45), and cit. Nothing appears in the present petition to take it from the general rule, and the court did not err in sustaining the special demurrer just mentioned.

■ The plaintiff contends that the court erred in sustaining the special demurrer to the allegation of the petition that, "defendant did not, in obedience to a state statute, to which the attention of the court is prayed, observe the conditions of traffic before he suddenly and without warning, violently lunged his said truck across said highway causing said collision, and therefore is guilty of negligence per se." The allegation that the defendant was guilty of negligence per se was a mere conclusion of the pleader, it not being alleged what the conditions of traffic were, nor was any specific statute identified. In this connection, see *Huckabee* v. *Grace,* 48 *Ga. App.* 621 (2 a, b) (173 S. E. 744), and cit. "A general allegation of negligence is a mere conclusion. The conclusion may be wrong, and, therefore, the particular facts relied upon to support the conclusion should be pleaded. It is permissible, however, to set forth the facts, and then conclude that these facts amount to negligence. Demurrer will then raise the question whether the conclusion is good in law." *Fuller* v. *Inman,* 10 *Ga. App.* 680, 694 (74 S. E. 287). The court did not err in sustaining the special demurrer.

■ The plaintiff contends that the court erred in overruling the general grounds of the motion for a new trial. Questions of negligence, contributory negligence, proximate cause, and failure to exercise ordinary care to avoid the consequences of another's negligence, are generally questions of fact for the jury. In the present case, the jury resolved these issues in favor of the defendant. The evidence is materially conflicting, and was not of such character

as to demand a finding for the plaintiff, and the discretion of the trial judge in overruling the general grounds of the motion for a new trial will not be disturbed. *Wright* v. *Sparks,* 127 *Ga.* 365 (56 S. E. 442) ; *Alfriend* v. *Fox,* 124 *Ga.* 563 (52 S. E. 925) ; *McCormick* v. *Pickett,* 166 *Ga.* 192 (142 S. E. 742).

■ In special ground 1 of the motion, the plaintiff in error contends that the court erred in refusing to require the defendant, while on cross-examination, to answer the question: "Has there ever been any occasion when you did not look [before entering the highway] that has made you regret it?" over objections of the defendant. "The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him;" but this right is not abridged by the court confining the cross-examination to matters relevant to the issue on trial. *Quinton* v. *Peck,* 195 *Ga.* 299 (5) (24 S. E. 2d, 36), and cit. Even where a party is under cross-examination, the court may exercise a sound discretion in requiring counsel to make the relevancy of the questions apparent. *City Bank of Macon* v. *Kent,* 57 *Ga.* 283, 285 (16). The scope of the cross-examination is largely discretionary with the trial court, and the exercise of such discretion will not be controlled by a reviewing court unless it is abused. *Haugabrooks* v. *Metropolitan Life Ins. Co.,* 63 *Ga. App.* 829, 835 (12 S. E. 2d, 163). Whether or not the defendant, at some other time or place, had entered the highway without looking, and later regretted such failure, was not relevant or material to the issue on trial, and the judge did not abuse his discretion in refusing to require him to answer the question.

■ In special ground 2, the plaintiff in error contends that the court erred in charging the jury that "the pleadings are not evidence and have no probative value, that is, they prove nothing, but you are authorized and instructed to read the same for a more specific elaboration of the contentions of the parties and of the case you are to decide," on the ground that the charge was confusing and misleading to the jury, because it was not qualified by the court regarding admissions in the pleadings. The court charged fully on the burden of proof and the right of the jury to look to the pleadings to ascertain the issues of the case. The defendant was not prejudiced by the charge, for every material allegation of the petition which was admitted by the defendant's answer was

also admitted by him in his evidence on the trial, and under these circumstances, the failure of the court, without a request, to charge with respect to admissions made in the pleadings, was not error. See *Livingston* v. *Taylor,* 132 *Ga.* 1 (3) (63 S. E. 694).

■ Special ground 3, which assigns error on the failure of the court, without a request, to charge the jury that it should scan admissions with care and caution, shows no error. It was said in *Hawkins* v. *Kermode,* 85 *Ga.* 116, 123 (11 S. E. 560) : "There was no request to charge upon the subject of admissions, and the omission to allude to them in the charge was not error, in the absence of such request." See *Bryan* v. *Jones,* 134 *Ga.* 48 (2) (67 S. E. 399), and cit.

■ The verdict in favor of the defendant was authorized, no error of law appears, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*