### 36945. WYRICK v. THE STATE.

CARLISLE, Judge. 1. "Involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an unlawful manner." Code § 26-1009. Where one being the aggressor perpetrates an assault upon another, and the other, in an effort to escape, runs into a place of danger, and there sustains injuries, which result in his death, in a legal sense, the death resulted from the assault, though such assault taken by itself would not likely have produced death. *Thornton* v. *State*, 107 *Ga.* 683, 688 (33 S. E. 673). Where one commits a battery upon another, or inflicts a wound upon such other, which battery or wound is not likely in itself to produce death, but which renders the other person more susceptible to disease, or leaves him at the mercy of the elements or some other intervening agency, which other intervening agency brings about his death, the original wounding or battery of the deceased is in a legal sense the cause of death. *O'Connor* v. *State*, 64 *Ga.* 125 (37 Am. R. 58); *Perdue* v. *State*, 135 *Ga.*

277 (3) (69 S. E. 184); *Clements* v. *State,* 141 *Ga.* 667 (81 S. E. 1117); *Wells* v. *State,* 46 *Ga. App.* 412 (167 S. E. 709).

2. Under the foregoing principles of law, where the evidence showed that the defendant committed an unprovoked assault upon the deceased by beating him and striking him with his fist and that the deceased in an effort to escape the defendant's attack ran around an automobile which was parked at the curb of a public street, endeavoring to enter into the automobile and escape the attack, and either ran into the path of a truck and was run over and killed or was followed by the defendant who struck him and knocked him into the path of the truck which ran over and killed him, such evidence authorized the verdict finding the defendant guilty of involuntary manslaughter. It is immaterial that no witness actually saw the defendant strike the deceased and knock him beneath the wheels of the truck since the evidence, viewed in the light most favorable to the defendant, showed at least that the deceased ran in front of the truck while making an effort to escape the assault and battery, and thus sustained the injuries resulting in his death.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 16, 1958.

*C. H. Dalton,* for plaintiff in error.
*R. F. Chance, Solicitor-General,* contra.