## SAVANNAH, FLORIDA & WESTERN RAILWAY COMPANY *v.* WIDEMAN.

*Lumpkin, J.*—1. Where the only objection to the admissibility in evidence of a written contract between the plaintiff and the defendant was, in effect, that under the limitation as to time therein expressed it had expired and was no longer operative as to the matter in controversy between the parties; and the defendant, in whose behalf it was tendered in evidence, offered to prove "that the terms of the contract had been extended by parol," so as to cover and embrace that matter, this objection should not have been sustained without allowing the defendant an opportunity to show that the contract had in fact been so extended, no question under the statute of frauds being involved.

2. It was error, upon the trial of an action against a railroad company for the killing of live stock, to charge: "Whether the railroad company did use reasonable care or ordinary care and diligence, *and every effort to prevent* [killing the stock], is a question for the jury to determine from the evidence." Requiring the company to use "every effort" to prevent killing the stock was imposing upon it a rule of diligence more stringent than the law exacts. *E. T., V. & G. Ry. Co.* v. *Daniel*, 91 *Ga.* 768; *E. T., V. & G. Ry. Co.* v. *Miller*, 95 *Ga.* 738.

3. A witness can neither be impeached nor sustained as to credibility by allowing another witness to testify as to his individual opinion upon this question.

4. In determining upon which side of a disputed issue the evidence preponderates, the credibility, and not the number, of the witnesses introduced *pro* and *con*, is the proper test. *Corniff* v. *Cook*, 95 *Ga.* 61, and cases cited.

5. Assignments of error not argued nor insisted upon in this court will not be passed upon. *Parker* v. *Lanier*, 82 *Ga.* 219; *Brown* v. *The State, Id.* 224.                    *Judgment reversed.*

July 13, 1896.  By two Justices.

Action for damages.   Before Judge Griggs.   Clinch superior court.   April term, 1895.

Wideman sued the railway company for damages resulting to him by the killing of five mules on November 13, 1894, by the running of a freight-train.   He obtained a

verdict, and the company's motion for a new trial was overruled. The motion alleges that the court erred:

1. In refusing to admit in evidence a contract between plaintiff and defendant for the supplying of cross-ties to defendant from April to October, 1893, in which plaintiff released defendant from all responsibility in damages to his stock during the time he was employed and working under this contract. The objection was, that the contract showed on its face that it had expired before the cause of action arose; defendant proposing to show that the terms of the contract had been extended by parol, and that it was in force at the time of the accident and related to the locality where the same occurred.

2. In charging the jury: "I have charged you what ordinary diligence is under the law, and it is for you to determine whether or not, from the evidence introduced before you, this railroad company used such care and diligence to prevent the killing of the stock of this plaintiff; and whether the railroad company did use reasonable care or ordinary care and diligence and every effort to prevent it, is a question for the jury to determine from the evidence."

3. In refusing to permit defendant's counsel to ask plaintiff, as a witness, if Rice, the engineer of the train in question, was not perfectly entitled to credit; plaintiff having previously attempted to disprove facts testified to by the engineer. In the brief of evidence it appears that the plaintiff testified on cross-examination touching the engineer: "I know Mr. Rice. I think he is an honest man. I suppose he is."

4. In charging: "By a preponderance of evidence is not meant the greater number of witnesses that have been introduced, or the greater number of papers that have been introduced upon the one side or the other; but it means that side which the jury, after a fair and impartial and honest consideration of all the evidence, believes, that side of the evidence which the jury believes is the most worthy of be-

lief, whatever side that is; whether it is upon the side of one witness or upon the side of twenty, upon that side is the preponderance of evidence."

*Erwin, duBignon & Chisholm* and *S. T. Kingsbery*, for plaintiff in error. *John C. McDonald*, contra.