LAFFITTE *v.* THE STATE.

1. Points made in a record, but not argued in this court by brief or otherwise, will be regarded as having been abandoned.
2. There being positive evidence to show the guilt of the accused, the verdict against him was warranted.

3. The superior court has, on certiorari, no power to grant a new trial in an inferior judicatory on the ground of alleged newly discovered evidence.

Submitted October 3, — Decided October 12, 1898.

Certiorari. Before Judge Gamble. Screven superior court. May 18, 1898.

*J. W. Overstreet,* for plaintiff in error.
*B. T. Rawlings, solicitor-general,* contra.

LUMPKIN, P. J.   The main purpose for which arguments are had before this tribunal is to call its attention to the points insisted upon and the authorities relied on in support of the positions taken by counsel.   Our 13th rule declares that briefs must " be confined to a statement of the points insisted upon, and a citation of authorities."   Civil Code, § 5612.   This court is certainly not called upon to deal with or decide any question to which no allusion is made by the counsel who brings here a case for review.   It has been frequently held that points presented in a record, but not argued in this court, orally or by brief, will not be considered.   See *Parker* v. *Lanier,* 82 *Ga.* 219; *Brown* v. *State, Id.* 224; *Davis* v. *Jackson,* 86 *Ga.* 138; *Savannah, Florida & Western Ry. Co.* v. *Wideman,* 99 *Ga.* 245; *Moss* v. *Lovett, Id.* 321; *Thompson* v. *Waterman,* 100 *Ga.* 586.   In the case last cited, Mr. Justice Cobb remarked: " Where counsel argue their cases in this court by brief alone, if points presented in the record are not insisted on in the brief, this court will consider them as abandoned."

The plaintiff in error was, in the county court of Screven county, convicted of a misdemeanor upon an indictment which had been transferred to that court from the superior court.   In his petition for certiorari he alleged that the county judge erred in overruling a demurrer to the indictment, and the answer to the certiorari verifies this allegation.   We shall not, however, pass upon the question thus made, because it was not argued in this court.   Counsel for the plaintiff in error appeared by brief alone, and in his brief discussed two only of the questions presented in his petition for certiorari, viz.: that the verdict was contrary to the evidence, and that the accused should have been

. awarded a new trial on the ground of newly discovered evidence. We accordingly treat the point upon the sufficiency of the indictment as having been abandoned.

It need only be added that an examination of the evidence in the record discloses that there was positive testimony showing the guilt of the accused. The verdict against him was therefore warranted. And as to the point relating to alleged newly discovered evidence, we refer to the case of *Almand* v. *Maxwell*, 100 *Ga.* 318, holding that: " The superior courts have no power, by writ of certiorari, to award new trials in inferior judicatories upon the ground of alleged newly discovered evidence." That, it is true, was a civil case, but the principle is applicable to criminal cases as well.

*Judgment affirmed. All the Justices concurring.*