NAPIER BROTHERS & COMPANY *v.* BURKETT..    113  607
                                            116  896

1. Points made in a bill of exceptions which are not argued here will be treated as abandoned.
2. After a case has been argued in this court, supplemental briefs deposited in the clerk's office without special leave to do so will not be considered.
3. A ground of a motion for a new trial complaining in general terms that the verdict is contrary to law does not present for decision any legal question.
4. The evidence offered by the defendant amply sustained the answer as amended, and warranted the verdict in her favor.

Argued May 8,— Decided May 24, 1901.

Complaint on note.   Before Judge Smith.   Twiggs superior court.   November 7, 1900.

Napier Brothers & Company sued Mrs. Burkett on a promissory note, and she filed, at the first term, a plea denying indebtedness and setting up that the note was given without consideration.   On the trial she offered an amendment in which, after admitting the execution and delivery of the note and that the plaintiffs were its legal owners, she alleged that it was given under these circumstances:   Her son W. V. Burkett, after having mortgaged a mule and a horse to the plaintiffs as security for the payment of his note to them for supplies furnished him while he was engaged in farming with one Gove, turned over the farm and the mule and horse to Gove, on condition that Gove pay out of the proceeds the debt due the plaintiffs; after which J. H. Napier, one of the plaintiffs, came to her and told her that her son had committed the offense of doing away with or selling mortgaged property, and could be imprisoned and convicted; and that the plaintiffs would arrest, imprison, and prosecute him unless the debt were paid or unless she would give her note for the amount sued for, and a mortgage on land to secure it.   She was old and infirm, and became at once terribly alarmed, and another of her sons, Sol. T. Burkett, went to the plaintiffs to arrange the matter, and they agreed that on payment of $100 in thirty days they would settle the threatened criminal proceedings and not prosecute, but [said] that she must give her note and mortgage to prevent immediate arrest and jailing of her son; whereupon, there being no alternative, she, solely on her belief in these threats, and having no means of disproving the statements of Napier, and being without the benefit of counsel, signed

the note. In about thirty days her son tendered to the plaintiffs the $100, but they refused it, on the ground that it came too late; and afterwards they attempted to sell the land and brought this suit. The note was given under duress and in order to suppress a threatened criminal prosecution, when her son was innocent; because the threats to arrest, imprison, and convict him tended to and did coerce her to sign the papers contrary to her own will. The amendment, when first offered, was accompanied by an affidavit of the defendant that the new facts and defense set out in the amendment were not omitted from the original plea for the purpose of delay, and that the amendment was not offered for delay. She added an affidavit that when the original plea was filed she had no notice or knowledge of the new facts or defense set up in the amendment, because she did not know "the facts set forth made by Napier," as to her son's guilt, were false; and the falsity of said allegations has come to her knowledge since the filing of the original plea. The plaintiffs objected to the allowance of the amendment, and demurred to it on the grounds: (1) It is too late, and the affidavits do not comply with the law. (2) The affidavit is inconsistent with the allegations in the plea, and bears on its face evidence that it can not be proved. (3) The first paragraph of the amendment (the admission as to the execution and ownership of the note) is a solemn admission in judicio, and is inconsistent with the remainder of the amendment, and negatives the defense attempted to be set up. (4) No valid defense is set out in the amendment. (5) The amendment shows facts that make the son guilty of a misdemeanor, and these facts could not, therefore, constitute duress; and it is not denied that the note sued on settled the debt of the defendant's son to the plaintiffs.

The defendant then moved to strike the first paragraph of the amendment, and the court allowed this to be done over the objection that it was a solemn admission in judicio and could not be withdrawn. The court also allowed the amendment. There was a verdict for the defendant; and a motion for a new trial, on the grounds that the verdict was contrary to law and the evidence, was overruled. The plaintiffs excepted to each of these rulings.

*Hardeman, Davis, Turner & Jones,* for plaintiffs.
*Minter Wimberly,* for defendant.

LEWIS, J. 1. The bill of exceptions alleged error in the allowance of the amendment to the answer of the defendant. The case was argued here for the plaintiff in error exclusively by brief, and in the brief no reference whatever is made to this point. In accordance with the repeated decisions of this court, it will therefore be treated as having been abandoned. See *Parker* v. *Lanier*, 82 *Ga.* 219; *Brown* v. *State*, Id. 224; *Davis* v. *Jackson*, 86 *Ga.* 138; *Savannah R. Co.* v. *Wideman*, 99 *Ga.* 245; *Moss* v. *Lovett*, Id. 321; *Thompson* v. *Waterman*, 100 *Ga.* 586; *Laffitte* v. *State*, 105 *Ga.* 595; *Sanders Mfg. Co.* v. *Dollar Savings Bank*, 110 *Ga.* 559; *Cooper* v. *Stonecypher*, 111 *Ga.* 818; *Moss* v. *Bohannon*, Id. 871.

2. After the case was heard and the written synopsis of the points decided had been prepared, counsel for the plaintiffs in error filed in the clerk's office a supplemental brief, discussing among other things the alleged error in allowing the amendment to the answer. No permission was asked to file this supplemental brief, and none was granted. Coming to us in such a manner, it must be disregarded.

3. No question of the sufficiency of the defendant's answer is made in the motion for a new trial. Complaint is merely made in general terms that the verdict was contrary to law and the evidence, etc. Such an assignment of error presents nothing for the decision of this court, and therefore can not be considered. See *Roberts* v. *Keeler*, 111 *Ga.* 181; *Wight* v. *Schmidt*, Id. 858.

4. An examination of the brief of evidence as contained in the record before us shows that the testimony introduced in behalf of the defendant fully sustained all the material allegations of her answer as amended. It can not, therefore, be said that the verdict was contrary to the evidence.

*Judgment affirmed. All the Justices concurring.*