## WALKER *v.* THE STATE.

1. There was ample evidence to sustain the verdict of guilty, and hence no merit in the ground of the motion for a new trial alleging that the verdict was without evidence to support it.

2. The court, whether requested or not, should give to the jury appropriate instructions on every substantial issue in the case presented by the evidence, and a failure to do so is cause for a new trial. Accordingly, when in the trial of one charged with a violation of section 428 of the Penal Code, as amended by the act of December 9, 1897 (Van Epps's Code Supp. § 6750), the case, under the evidence, turned upon the question whether the accused, in the transactions disclosed by the testimony, took, as agent for the seller, orders for the sale of liquor, or whether he acted merely as agent of the purchasers in sending orders for liquor, the failure of the court to give the jury any instructions at all as to the latter theory was error requiring the grant of a new trial.

　　　　　Argued April 17, — Decided May 10, 1905.

Indictment for selling liquor. Before Judge Burch. City court of Dublin. March 18, 1905.

*J. S. Adams* and *M. D. Jones,* for plaintiff in error.
*G. H. Williams, solicitor,* contra.

FISH, P. J. Freeman Walker was tried under an indictment based on Penal Code, § 428, as amended by the act of 1897 (Acts 1897, p. 39), which declares, "If any person shall sell, contract to sell, take orders for, or solicit, personally or by agent, the sale of spirituous, malt, or intoxicating liquors, in any county or town or municipal corporation or militia district or other place where the sale of such liquors is prohibited by law, high license or otherwise, he shall be guilty of a misdemeanor." On the trial it appeared, from the evidence submitted in behalf of the State, that the accused was the agent, at Dublin, Georgia, of a public telephone company, which owned a line from that town to Macon,

Georgia; that, within two years prior to the finding of the indictment, various persons, desiring to purchase whisky would procure from the express company money orders for the price of the whisky desired, which orders they would present to the accused at the telephone office, when he would furnish them with blank orders with different brands of whiskies printed thereon, and the purchaser or the accused would then indicate by writing on such blank orders the variety and quantity of whisky desired, and from which of several dealers in Macon it was to be purchased. After the purchaser had signed such an order for the whisky, it was delivered to the accused. The accused would then furnish the purchaser with a stamped envelope, addressed to the dealer in Macon, and direct the purchaser to enclose the express money order in the envelope and deposit it in a United States mail box at the office of the telephone company. When this was done the accused would telephone to the dealer, and the whisky would be sent from Macon, by express, to the purchaser; the purchaser, in no instance of this character, paying for the telephone message or for the stamped envelope. L. Q. Stubbs, a witness for the State, testified: "At some time within the last two years Mr. Walker was present when I ordered whisky. Mr. Walker, within the last two years, has presented me with a bill for the whisky that I ordered. When I say that I gave Mr. Walker an order for whisky, I can explain that better this way. ' I have asked Mr. Walker to telephone Mr. Block or Mr. Flatau and just say for him to send a bottle of whisky or two bottles of whisky, and at the first of the month sometimes Mr. Block would draw on me through the bank for that amount. I had an open account there. Sometimes Mr. Walker would bring Mr. Block's bill at the time he brought the telephone bill, and I would give him a check for both of them. I did not care to whom I paid nor who presented the bill. Mr. Walker is manager of the telephone company here. He has no connection with Mr. Block, so far as I know." There was evidence that a telephone message could be sent and payment for the same be made either by the person sending it or the one to whom it was sent. The accused introduced no evidence, but made a statement, denying the charge made in the indictment, and stating that in sending the messages for liquor he was merely acting as agent of the telephone company and in behalf of the

purchasers of the liquors, and that he was not the agent of the sellers or in any way connected with them. There was a verdict of guilty, and the accused made a motion for a new trial, and excepted to the overruling of the same.

1. One ground of the motion for a new trial was, that the verdict was without evidence to support it. This ground, we think, was without merit. The foregoing statement shows that there was ample evidence to authorize the jury to find that the accused, within two years prior to the finding of the indictment, took orders, as the agent of sellers, for the sale of intoxicating liquors, in Laurens county, where the sale of such liquors was prohibited by law. The circumstances tending to show that the accused was a party to a scheme to evade the law against selling or taking orders for the sale of intoxicating liquors in Laurens county, and that, in most of the transactions disclosed by the evidence, he was really acting as the agent of the liquor sellers, were very strong. He kept on hand, and furnished to persons desiring to order liquor from certain dealers in Macon, blank orders with various brands of liquor printed thereon, ready to be filled out by or for prospective purchasers, and which were filled out either by the accused or in his presence. He also kept a supply of stamped envelopes, addressed to different liquor dealers in Macon, which he furnished, free of charge, to those desiring to order liquor. The party desiring to purchase liquor bought an express money order, payable to the dealer from whom he desired to purchase the liquor, and brought such order to the telephone office and exhibited it to the accused, and it was then, either by the accused or in his presence, placed in a stamped envelope, addressed to the liquor dealer, and by direction of the accused deposited by the purchaser in a United States mail box located in the building where the telephone office was. When all this had been done, the accused telephoned the order for liquor to the dealer in Macon, and did not charge the person ordering the liquor for the telephone service. From these circumstances the jury were well authorized to find that the accused, in nearly all of the transactions disclosed by the testimony, was acting for the liquor dealers in taking orders for the sale of liquor. The present case, on its facts, is clearly distinguishable from the cases of *Cunningham* v. *State*, 105 *Ga.* 676, and *Williams* v. *State*, 107 *Ga.* 693, which

are cited by counsel for plaintiff in error. In each of the cases cited the accused was charged with a violation of the same section of the Penal Code upon which the indictment in the present case is founded. In *Cunningham's* case, however, the transaction under consideration occurred prior to the amendment of the section by the act of 1897, and the accused was charged merely with selling liquor in a county where the sale was prohibited by law. In the *Williams* case, as will be seen by the statement of facts in the opinion, there was no evidence that the accused sold or took or solicited orders for the sale of liquors.

2. Another ground of the motion was, that the court failed to instruct the jury on the theory of the accused, that, in the transactions involved, he acted merely as the agent of the purchasers in sending orders for liquor. This ground, we think, was meritorious, and a new trial should have been granted thereon. The vital issue presented by the evidence was, whether the accused, in the transactions disclosed by the testimony, took orders for the sale of liquors as the agent of the sellers, or whether he simply acted as the agent of the purchasers in sending orders for liquor. If he acted as the agent of the sellers, then he violated the statute under which the indictment was framed; if, however, he was the agent of the purchasers alone and merely sent orders for them to the sellers, he did not violate the statute. The State contended that the evidence sustained the theory that the accused was acting as the agent of the sellers, while the accused contended that the evidence showed that he was merely the agent of the purchasers. The court did not properly present these respective contentions to the jury, but merely charged, in general terms, as follows: "If you find from the evidence that the defendant, Freeman Walker, at the time, place, and manner alleged in the bill of indictment, took or solicited, personally or by agent, orders for whisky in this county, and you are satisfied of that beyond a reasonable doubt, it would be your duty to convict the defendant in this case." This was merely charging the statute, without applying it to the opposing theories contended for by the respective parties, which we think should have been done in this case. When a purchaser, such as Stubbs, delivered to the accused an order or message, to be transmitted by him by telephone to the seller, that liquor be sent to the purchaser, the accused, in one

sense, took such order — that is, he took it for transmission,— but if in so doing he in no way represented the seller, but was acting merely as the agent of the purchaser in receiving the order to be transmitted for him, it would not be a violation of the statute, and the court should have instructed the jury to this effect. In a criminal case, the defendant is entitled to the benefit of every reasonable doubt arising from the evidence or the want of evidence; and therefore, notwithstanding the strength of the circumstances tending to support the theory of the prosecution, we do not think it can be said that, under the evidence submitted, the accused was not entitled to have his theory, as to the conclusion to be drawn from the facts, presented to the jury by the court. This is especially true in view of the testimony of Stubbs, which was more favorable to the accused than that of the other witnesses, but which the jury, in the absence of proper instructions upon the theory of the accused, might possibly have considered as strong evidence against him.     The jury might have regarded the fact, disclosed by the evidence of this witness, that the accused sometimes brought to and collected from Stubbs bills for liquor, which he had got the accused to order for him, by telephone, from Block in Macon, as proof that the accused, in the transactions with Stubbs leading up to the purchase of the liquor, was acting as the agent of Block, the seller of the liquor.   Stubbs's testimony, however, was consistent with the theory that the accused acted as his agent in sending the telephonic orders to Block for the liquor, although he subsequently collected for Block the money due for the liquor purchased.     For it is not a violation of the statute to collect, in a county where the sale of liquor is prohibited by law, money due another for liquor purchased elsewhere, but it is a violation of the statute to take, in such a county, orders for the sale of liquor.     Stubbs's testimony certainly might be considered as sustaining the theory of the accused, so far as his transactions with the accused were concerned.

It has been frequently held by this court that it is the duty of the trial judge, whether requested or not, to give to the jury appropriate instructions on every substantial issue in the case which is made by the evidence, and that a failure to do so is cause for a new trial.   It is equally well settled that, in the absence of a proper and pertinent request thereon, the court is not bound to

give in charge the theory of the case arising solely from the statement of the accused. As the trial court erred in refusing to grant a new trial, the judgment below is

*Reversed. All the Justices concur, except Candler, J., absent.*