### 43194. SMITH v. THE STATE.
(341 SE2d 451)

GREGORY, Justice.

Willie Howard Smith was convicted by a jury of murder and sentenced to life imprisonment.[1] We affirm.

From the evidence at trial, the jury could have found Chester Harvey was performing repairs on a car in the Techwood Homes area of Atlanta at around 2:30 a.m. on July 19, 1984. Two other men were also working on the car while Kimberly Harris held a flashlight. Willie Howard Smith and two others drove up in a 1968 Pontiac. Smith got out of the car and walked around the corner for about five minutes. He returned with a gun and began to argue with Harvey. According to Kimberly Harris, Smith then shot Harvey, who fell to the sidewalk. Despite pleading from Harvey not to shoot him again, Smith fired two more rounds. Doctors later found two bullet wounds on Harvey. Smith and his friends drove off, and Harris called for an ambulance.

When Sgt. Joel Dean of the Atlanta police arrived, he found Harvey lying in a pool of blood. Dean believed Harvey would die before the ambulance arrived, so he took a statement from him there at the scene. Harvey said Willie Howard Smith approached him and accused him of telling Smith's wife or girl friend that Smith had another girl friend. When he denied the accusation, Harvey said, Smith shot him.

About 45 minutes after the shooting, Smith was apprehended two or three blocks away from the scene of the crime. A fully loaded .38 caliber revolver was found in Smith's pocket. Ballistics tests indicated the revolver found on Smith fired the bullets taken from Harvey's body.

Harvey's mother, Elizabeth Jackson, visited her son in the hospital a few hours after the shooting. Her son had been paralyzed by his wounds and could move only his head. Mrs. Jackson was present when he died seven weeks later. The cause of death was complications resulting from the gunshot wounds.

At trial, Smith admitted shooting Harvey. He said he and a friend were walking through the Techwood Homes area when several

---

[1] The crime occurred and the defendant was arrested on July 19, 1984. The defendant was indicted on November 6, 1984. The jury returned the verdict on February 6, 1985, and sentence was pronounced on February 7, 1985. A motion for new trial was filed on March 4, 1985 and denied on November 8, 1985. The transcript was certified on February 12, 1986. Notice of appeal was filed in this court on December 9, 1985, and the case was docketed on February 12, 1986. The case was submitted for decision on March 28, 1986.

acquaintances on the street invited them to have a drink. According to Smith, Harvey joined the group later. Smith said Harvey owed him $150. An argument broke out over the loan, Smith testified, and Harvey attacked him. In the ensuing scuffle, Smith injured his knuckles on a wall. "And after that, I stopped because my hand was in pain and I was very angry. I shot him twice," Smith testified. Smith also said he did not know if Harvey was carrying a weapon. Smith claimed Kimberly Harris was not present at the time of the shooting.

1. Smith contends the trial court erred in denying his motion for new trial because the verdict was not supported by the evidence. However, we have reviewed all the evidence in light of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and find in the light most favorable to the jury's verdict that a rational trier of fact could have found Smith guilty of murder beyond a reasonable doubt.

2. Smith also contends the trial court erred in admitting the testimony of Elizabeth Jackson, the victim's mother. Mrs. Jackson testified that she was with her son a few hours after the shooting and described his condition. She was also with her son when he died seven weeks later. She gave Harvey's age and identified a photograph of him. Smith argues her testimony was not relevant and was designed by the prosecution only to inflame and unfairly prejudice the jury.

Relevancy is determined by answering the following question: "[D]oes the evidence offered render the desired inference more probable than it would be without the evidence." McCormick on Evidence (2d ed.) § 185, p. 437. See also *Patterson v. State*, 233 Ga. 724 (1) (213 SE2d 612) (1975). Where an issue is raised, as to whether the probative value of evidence is outweighed by its tendency to "unduly arouse the jury's emotions of prejudice, hostility or sympathy" the trial judge has a discretion to be exercised in determining admissibility. McCormick on Evidence (2d ed.) § 185, p. 439. See also *Metropolitan Property &c. Ins. Co. v. Shepherd,* 166 Ga. App. 300 (1) (304 SE2d 74) (1983); Agnor's Georgia Evidence, § 10-2, p. 164.

Mrs. Jackson's testimony concerned the victim's identity, age, death and condition following the shooting. These matters are relevant to this case and thus the trial court did not err in so ruling. Nor did the trial court abuse its discretion in allowing the evidence notwithstanding the contention of undue prejudice. See *Stevens v. State*, 247 Ga. 698 (6) (278 SE2d 398) (1981) (where we held the identity and background of the victim are relevant issues in a trial of one accused of murder, and found the trial court did not err in allowing the victim's widow to testify); and *Toler v. State*, 213 Ga. 12 (2) (96 SE2d 593) (1957) (where this court held testimony concerning the victim's condition after the crime was relevant).

*Judgment affirmed. Marshall, C. J., Clarke, P. J., Smith, Weltner and Bell, JJ., concur.*

DECIDED APRIL 9, 1986.

*L. James Weil, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General,* for appellee.