### 72554. KENNARD v. THE STATE.
(349 SE2d 470)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of rape and aggravated assault. He appeals from the judgment of conviction and sentence entered on the verdict.

1. Appellant enumerates as error the exclusion of evidence concerning the victim's prior alcohol and drug abuse treatment. Appellant contends that the evidence was erroneously ruled inadmissible under the Rape Shield Statute, OCGA § 24-2-3. Our review of the record shows that the evidence was not ruled inadmissible under the Rape Shield Statute, which deals only with the past sexual behavior of a victim. Rather, it was excluded as irrelevant and as improperly tending to "blacken" the victim's character. Although appellant asserts that a logical connection exists between prior treatment for alcohol and drug abuse and present ability to remember whether one consented to have sex, we find that the trial court correctly ruled that the victim's previous treatment for alcohol and drug abuse was absolutely irrelevant to the issue of consent. The evidence was therefore properly excluded. See generally *Lively v. State*, 157 Ga. App. 419 (2) (278 SE2d 67) (1981).

If appellant wished to impeach the victim with proof of her bad character, the introduction of evidence of specific acts was not the proper method of doing so. " '[A] witness whom it is sought to impeach because of bad character must be shown to be of general bad character; special acts are not admissible. [Cit.]' [Cit.]" *Ailstock v. State*, 159 Ga. App. 482, 483 (283 SE2d 698) (1981). Accordingly, the trial court's ruling was correct.

2. Appellant moved to suppress evidence seized during a search

of his residence. He urges that the supporting affidavit was insufficient to establish probable cause. The denial of the motion is enumerated as error.

"[B]efore a warrant may issue, the issuing magistrate must have sufficient reasons to believe that a crime was committed, that the items sought are connected with the crime, and that the items sought will be found in the place to be searched. [Cit.]" *Williams v. State*, 251 Ga. 749, 795 (8b) (ii) (312 SE2d 40) (1983). The only contention is that there was no showing in the affidavit which would authorize the magistrate to believe that the knife allegedly used in the rape and aggravated assault would be found at appellant's residence.

The affidavit stated that, within the preceding two days, a rape had been investigated, that appellant had been arrested at his home, and that the affiant had reason to believe and did believe that the described knife was being stored at appellant's home. "Under certain circumstances it is reasonable for a police officer to infer that items will be found in a specific place." *Murphy v. State*, 238 Ga. 725, 727 (234 SE2d 911) (1977). In *Murphy*, the magistrate was informed that the defendant had been seen near the victim's home at 2:15 a.m., a pistol and prying tool had been used in connection with the crimes, and that the defendant's home was within the city. "From these facts it was reasonable to infer or 'presume' that the defendant at that time of morning would go to his home taking the pistol and prying tool with him and that he would then leave the items there." *Murphy v. State*, supra at 728. In the instant case, appellant was arrested at his home shortly after the crime took place. It was likewise reasonable for the investigating officers to believe that the weapon involved would be there. There being probable cause for the issuance of the warrant, the trial court did not err in denying the motion to suppress the evidence. See also *Williams v. State*, supra at 794-795 (8b) (ii).

3. Appellant asserts as error the trial court's denial of a motion in limine wherein he sought to exclude evidence concerning a certain "test" that the sheriff had determined that he would perform upon the victim. While interviewing the victim, the sheriff, suddenly and without any warning, had intentionally removed a knife from his pocket and opened it in front of her. Ruling on appellant's motion in limine, the trial court held that the sheriff would not be permitted to testify as to what he had personally concluded from the victim's reaction, but that he could describe the victim's reaction for the jury and let it make its own determination. The sheriff described the victim's reaction for the jury as "almost hysterics . . . she screamed, she cried, she threw up her hands; she tried to get away from me. There was a tremendous reaction."

Appellant's attempts to analogize the admission of this testimony to the erroneous admission of evidence concerning various scientific

or pseudo-scientific methods of testing credibility are unavailing. The "test" at issue is in no way analogous to the polygraph, hypnosis, truth serum, and the like. However, appellant's objection to the relevancy of the evidence is more compelling. The only possible import of the testimony was that, based on the state of mind of the victim when subsequently confronted with a knife, appellant undoubtedly had raped her earlier at knifepoint. However, anyone who is suddenly confronted by a knife-wielding stranger, even if he happens to be the sheriff, is quite likely to react emotionally to that situation, independently of his or her previous experiences. Moreover, "the victim's [subsequently induced] state of mind was not relevant or necessary in determining whether or not appellant [raped] the victim; hence, it was not admissible. [Cit.]" *Sanborn v. State*, 159 Ga. App. 608 (1) (284 SE2d 110) (1981). The sheriff performed the "test" only to satisfy himself as to the credibility of the victim's story. The fact that the sheriff was a witness for the State clearly inferred that it was his opinion that the victim had "passed" the credibility test. At trial, it was for the jury to reach a determination of credibility free from the opinions of others in that regard. See generally *Savannah, Fla. & C. R. Co. v. Wideman*, 99 Ga. 245 (3) (25 SE 400) (1896).

In the instant case, as in *Sanborn v. State*, supra, the "state of mind" of the victim was that externally induced by the actions of the testifying witness at some remote point following the incident in question. It was not a part of the continuation of the main transaction, and was not relevant to elucidate it. It was, therefore, error to admit the sheriff's testimony. Compare *Scott v. State*, 130 Ga. App. 75, 76-78 (3) (202 SE2d 201) (1973), in which the mental state of the victim following and arising directly out of the transaction at issue was held to be relevant. The State contends that any error would be harmless. However, the evidence was close and we cannot say that the erroneous admission of the sheriff's "test" did not contribute to the guilty verdict.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 10, 1986 —
REHEARING DENIED OCTOBER 14, 1986

*Jeffrey R. Sliz*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.