### 73443. LYNN v. THE STATE.
(352 SE2d 602)

BIRDSONG, Presiding Judge.

Stormy Jo Lynn, the defendant, was convicted of the offense of child molestation and brings this appeal. The alleged victim testified that he was 12 years old and had moved to Columbus, Georgia, with

his mother and stepfather. He said that on the night of January 25, 1985, he and his stepsister were taken to the home of the defendant where she was to babysit him and his stepsister while his parents went to dinner with some friends. At that time the defendant was living in the home of her sister. The victim stated that he and his stepsister were watching TV in the living room when the defendant called him to come into her bedroom. When he entered the bedroom, he saw that she was nude. He said she grabbed him by the arm and removed his clothes, sat on top of him, fondled his private parts, and then forcibly raped him. He did not tell his mother what happened. He told some friends in April or May 1985, and they told his mother. At that time, she telephoned him in Illinois where he was spending the summer with his father, and questioned him about the incident. He did not tell her everything that had happened. When he returned in July 1985, he told his mother the complete story.

The victim's mother said she found out in April 1985 that the defendant had been having an affair with her husband. Thereafter, she was told by the boys of a neighbor that her son told them the defendant "plays with my little boy's place [private parts]" and she had telephoned him in Illinois to discuss it with him. Finally in the fall of 1985, her husband left her and began living with the defendant who was pregnant with his child. Her husband later obtained a divorce from her.

The defendant denied that she committed the offense charged, and also denied she had been a babysitter for the victim. The former stepfather of the victim testified that the defendant did not babysit the victim and he had not taken his stepson to her home on January 25th, the date of the alleged offense. Defendant's sister testified that she had moved from Columbus to Smyrna, Georgia, during the first week in January 1985, and this incident could not have taken place in her house where the defendant was living with her in Smyrna on the date of the alleged offense. The jury resolved the conflict in the evidence in favor of the State and defendant appeals the jury verdict of guilty. *Held*:

1. Appellate counsel has enumerated as error a claim of a denial of effective assistance by the trial defense counsel. This claim of error was not raised in the trial court, and a motion for new trial was not filed in this case. Appellate courts decline to address this issue when raised for the first time on appeal (*Hamilton v. State*, 255 Ga. 468, 470 (339 SE2d 707); *Williams v. State*, 254 Ga. 6, 10 (326 SE2d 444)), particularly when appellate counsel fails to file a motion for new trial (*Simpson v. State*, 250 Ga. 365 (2) (297 SE2d 288)). Any contention concerning a violation of the constitutional right of effective assistance of counsel must be made at the earliest practicable moment (*Smith v. State*, 255 Ga. 654, 656 (341 SE2d 5)), and the counsel

whose proficiency is under attack should be given an opportunity to be heard. *Simpson*, supra at 367. Although counsel has enumerated 41 separate instances of claimed ineffectiveness, we have found no single or combined circumstances which would justify a presumption of ineffectiveness requiring reversal. See *United States v. Cronic*, 466 U. S. 648, 660-662 (104 SC 2039, 80 LE2d 657). This enumeration is without merit.

2. Defendant avers that the taped interview of the victim by the police on January 7, 1986, almost one year after the alleged offense, was not admissible in evidence. The trial court, over objection, admitted the taped interview on the basis that "it goes to the boy's credibility." Counsel claims the statement is hearsay and violated defendant's right to confrontation and cross-examination.

The State argues that this issue is controlled by OCGA § 24-3-16, which makes admissible a statement by a child under the age of 14 to a third person, describing an act of sexual contact performed on his person, if the child is available to testify and the court finds sufficient indicia of reliability. This code section became effective on July 1, 1986. This trial was held on April 1, 1986, and the code section is inapposite.

The State also contends the statement is admissible as part of the res gestae. Our Supreme Court, in *Andrews v. State*, 249 Ga. 223, 225-228 (290 SE2d 71), gave an excellent resume of the law of res gestae and returned to Justice Nesbet's definition in *Mitchum v. State*, 11 Ga. 615, 622, that "the res gestae mean the circumstances, facts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character." Our Code also defines res gestae as "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought. . . ." OCGA § 24-3-3. Professor Green, in his treatise on the Georgia Law of Evidence, found inadmissible "[n]arrative statements of the history of the event, usually made after the declarant has had time to reflect on the occurrence. . . ." Id. at 590, § 292. "The real test is: [W]ere the declarations a part of the occurrence to which they relate, or were they a mere narrative concerning something which had fully taken place and had therefore become a thing of the past?" *Clark v. State*, 142 Ga. App. 851, 852 (237 SE2d 459). The statement by the child in the instant case, to the police approximately one year after the alleged event, was not contemporaneous, it was not spontaneous, but was in response to questioning of the police. This statement was not a part of the res gestae. *Wallace v. State*, 151 Ga. App. 171, 172 (259 SE2d 172); *Williams v. State*, 144 Ga. App. 130, 131 (240 SE2d 890).

The victim did take the stand and testify to the same act related in the taped statement given to the police. During cross-examination

of the victim, defendant's counsel asked the witness if he had discussed this incident with his mother, and "[d]id she ask you to make up the story?" He also questioned the victim as to what he had told his mother about this incident, and whether she had suggested he go to the medical clinic for psychiatric assistance. Hence, defendant's counsel was attacking the veracity of the victim. In *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661), the veracity of a 12-year-old victim was questioned and the victim asked whether her defendant father had committed the offense charged. The court found admissible an out-of-court statement by the child to her mother concerning the commission of the alleged offense, over a hearsay objection on the basis that the witness had testified at the trial, "she was under oath and subject to cross-examination about her testimony and about her out-of-court statement." Id. at 745. This decision was reaffirmed in *Lumpkin v. State*, 255 Ga. 363, 365 (338 SE2d 431). In the instant case, the defendant had the opportunity to confront the victim and cross-examine him under oath about his out-of-court statement.

Further, the out-of-court statement was cumulative to that of the victim on the witness stand. Evidence which is cumulative of other legally admissible evidence of the same fact, renders harmless admission of incompetent evidence. *Robinson v. State*, 229 Ga. 14, 16 (189 SE2d 53); *Williams v. State*, supra at 133; *West v. State*, 146 Ga. App. 120 (2) (245 SE2d 478). We find no error.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1986 —
REHEARING DISMISSED JANUARY 6, 1987.

*Frank K. Martin*, for appellant.
*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.