## 77750. BROWN v. THE STATE.
### (379 SE2d 598)

BENHAM, Judge.

A jury convicted appellant of incest, rape, and cruelty to children. The trial court entered judgment on the three counts, all of which arose out of the same incident. On appellant's motion for new trial, the trial court ruled that the rape count merged with the one for incest, and so it vacated the verdict and set aside the sentence imposed for incest. This appeal is from the denial of a new trial as to the judgment entered on the rape and cruelty to children counts. We find that appellant has enumerated a reversible error, and we reverse the judgment of conviction.

1. Appellant claims that the trial court erred in denying his motion for a continuance based on surprise with regard to the State's intention to prove that appellant committed the crimes in question within four years of the date of the indictment, rather than on June 15, 1987, the specific date alleged in the indictment. Having reviewed the record, we agree with appellant's position. Appellant based his alibi defense on the specific date given in the indictment, and at trial produced witnesses to support his denial of presence at the scene of the alleged crimes on the date in question. After he had presented virtually all of his evidence, the State, on cross-examination, began questioning appellant about where he had been on other Mondays in June. Appellant did offer alibis for the other dates, but because he had relied on the specific date given in the indictment as being the one that the prosecutors were going to use, he did not have witnesses at trial to corroborate his testimony about the other dates. Appellant's counsel objected to the line of questioning and moved for a continuance of the trial based on surprise. In arguing the motion, the State's attorney admitted that it did not intend to prove the particular date, but only that it happened "within four years and during the first part of June—from June 1 to June 15th. The young lady can't tell us the exact date. All she knows is [that] it was a Monday in June." During the State's case on rebuttal, one of the State's witnesses testified that the victim told him the rape occurred on a Monday, five to six weeks prior to the 19th of July, and that he picked June 15 as an "arbitrary date" because it was five weeks prior to the 19th. He also said that they put "on or about June 15th" in the warrant because they were not positive that it occurred on that date. The indictment did not contain the "on or about" language, and there is no other indication that appellant was put on notice before the time

of trial that the time period in question was going to be anything other than June 15.

Under the circumstances, the trial court erred in denying appellant's motion for continuance. " 'Where the State alleges in an indictment that the defendant committed a crime at a certain time, but at trial seeks to prove that the crime was committed at another time, surprising defendant and rendering worthless his alibi for the time alleged in the indictment, the [S]tate has failed to fulfill the requirement "that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial." In these circumstances the defendant, upon his motion therefor, is entitled to sufficient time to prepare his defense in response to the newly-asserted time of the crime.' " *Riles v. State*, 155 Ga. App. 586 (271 SE2d 718) (1980). See also *Caldwell v. State*, 139 Ga. App. 279 (228 SE2d 219) (1976). While it is true that "[w]here the date alleged in the indictment is not a material element of the offense, the [S]tate may prove the offense as of any date within the statute of limitation," appellant's reliance on an alibi defense for the time alleged in the indictment entitled him to a continuance once he learned at trial that the State did not intend to prove the date alleged in the indictment. *Arnold v. State*, 167 Ga. App. 720 (1, 2) (307 SE2d 526) (1983). We reverse the conviction and remand the case for new trial.

2. Appellant contends that he had proof that the alleged victim had falsely accused others of rape, and that the trial court misapplied the rape shield statute (OCGA § 24-2-3) so as to exclude erroneously the testimonial proof. The trial court allowed appellant's witnesses to testify in chambers to make the offer of proof. We have reviewed their testimony and conclude that the trial court did not err in excluding it under OCGA § 24-2-3. The statute prohibits the admission of the complaining witness' past sexual behavior unless the court finds that that behavior "directly involved the participation of the accused or finds that the evidence expected to be introduced supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of in the prosecution." The testimony offered did not directly involve appellant, nor did it support an inference that the victim consented to the conduct of which she complained. Moreover, it did not prove what appellant alleged—that the prosecutrix had falsely accused others of rape. Appellant sought to have the evidence admitted to impeach the victim's credibility, but that is not a proper reason for its admission. *Johnson v. State*, 146 Ga. App. 277 (1) (246 SE2d 363) (1978). OCGA § 24-2-3 "provides the exclusive means for admitting evidence relating to the past sexual behavior of the complaining witness in prosecutions for rape." *Johnson* at 280. Since the proffered testimony did not fit

within the exceptions that the statute provided and did not prove appellant's contention, it was properly excluded.

3. Appellant also argues that the conviction for cruelty to children should have merged with the rape conviction in this case and that the trial court erred in sentencing him on both crimes. He bases his assertion on the fact that both charges stemmed from the same incident, and he claims that each element of cruelty to children is included within the definition of rape. OCGA § 16-5-70 (b) defines cruelty to children as "maliciously caus[ing] a child under the age of 18 cruel or excessive physical or mental pain." OCGA § 16-6-1 (a) defines rape as "carnal knowledge of a female forcibly and against her will." In appellant's case, the cruelty to the child as stated in the indictment was both the forced sex act and the threat to kill her if she told anyone. At trial, the testimony showed that appellant made such a threat after the alleged sex act and that because of the incident and the statement, the victim tried to commit suicide. Although she was unsuccessful, she became ill in the attempt. The evidence supporting the rape conviction was not the same evidence that supported the cruelty to children conviction, and so there was no merger of the crimes. Appellant's enumeration has no merit.

4. We agree with appellant that the trial court erred in denying his motion for new trial on the motion for continuance issue as discussed in Division 1 of this opinion. However, the motion for new trial was properly denied with regard to the rape shield issue as discussed in Division 2.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1989 —
REHEARING DENIED MARCH 10, 1989 —

*David C. Jones, Jr.,* for appellant.
*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney,* for appellee.