A90A0684. COXWELL v. THE STATE.
(395 SE2d 38)

BANKE, Presiding Judge.

The appellant was convicted of child molestation. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial court erred in refusing to declare a mistrial in response to the following remarks made by the

state's attorney during his opening statement: "If for any reason either attorney requests that the child be ordered to testify, the court can put the child on the stand and require her to testify. Hopefully, that won't happen in this case. I do not intend to put her on the stand. I don't think she will be put on the stand." The appellant contends that these remarks resulted in a violation of his rights under *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987), which holds that where the Child Hearsay Statute, OCGA § 24-3-16, is invoked to introduce out-of-court declarations made by the alleged victim and either party desires to cross-examine the child, the court shall "inform the jury that it is the court who has called the child," in order to avoid the possibility that the jurors might "resent the defendant for forcing the child to take the stand and undergo cross-examination." Id. at 299.

In response to the appellant's motion for mistrial, the judge informed counsel that if the victim were called to testify he would instruct the jury that she had been called as a witness by the court. The appellant did not thereafter renew his motion, and there was no request by either party that the child be called as a witness. See *Brown v. State*, 187 Ga. App. 347 (1) (370 SE2d 203) (1988). Consequently, we find this enumeration of error to be without merit.

2. In an attempt to prove that the child had fabricated the allegations upon which the indictment was based, the appellant sought to introduce evidence that she and her mother had, on a previous occasion, falsely accused another person of child molestation. Following an evidentiary hearing conducted outside the presence of the jury, the trial court excluded this evidence on the ground that it had not been shown that there was a "reasonable probability" that the prior accusation had in fact been false. See *Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989). We agree and consequently find this enumeration of error to be without merit.

3. The appellant contends that the trial court erred in allowing a social worker employed by the Department of Family & Children Services (DFCS) to state her opinion on the ultimate issue of whether the child had been sexually molested. The witness testified that her job was to investigate reports of child abuse and stated that she had received training in interviewing young children and in observing behavioral characteristics and traits common to sexually molested children.

"There is conflicting authority as to whether such expert testimony is admissible. Such cases as *State v. Butler*, 256 Ga. 448 (2) (349 SE2d 684) (1986); *Grayer v. State*, 181 Ga. App. 845 (2) (354 SE2d 191) (1987); and *Pegg v. State*, 183 Ga. App. 668 (3) (359 SE2d 678) (1987), hold that it is, while in *Allison v. State*, 256 Ga. 851 (6) (353 SE2d 805) (1987), the Supreme Court appeared to express the

opinion that it is not." *Wilson v. State*, 188 Ga. App. 779, 781 (374 SE2d 325) (1988). Because *Allison* is the more recent expression on the issue by the Supreme Court and because the Supreme Court, without reference to *Butler*, recently relied upon *Allison* in reversing a conviction for child abuse in *Smith v. State*, supra, 259 Ga. at 138 (2), we conclude that it, rather than *Butler*, is controlling. Accordingly, we hold that the trial court committed reversible error in allowing the social worker to state her opinion on the issue of whether the victim had been sexually molested.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED MAY 25, 1990.

*Robert M. Boulineau*, for appellant.

*Joseph H. Briley, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney*, for appellee.