A90A1794. CALLOWAY v. THE STATE.
(404 SE2d 811)

McMURRAY, Presiding Judge.

Defendant was indicted for rape and two counts of child molestation. He appeals from his conviction of both counts of child molestation. *Held:*

1. In his first enumeration of error, defendant contends that the trial court erroneously allowed the victim to testify over objection that he had a temper and he and her mother fought frequently, as this was brought in only to intimate his violent nature to the jury and impermissibly place his character in evidence. The victim testified that she was afraid of what defendant might have done if she did not do what he told her to do because of the "fights and fusses" he had with her mother. Since force is an essential element of rape, this testimony as to defendant's violence and the victim's fear of him was relevant and admissible. Lack of resistance, induced by fear, is force, and may be shown by "the prosecutrix' state of mind from her prior expe-

rience with appellant and subjective apprehension of danger from him. . . . [Cit.]" *Drake v. State*, 239 Ga. 232, 235 (2), 236 (236 SE2d 748). "It is well-established that if evidence is otherwise relevant and material to the issues being tried, it is not rendered inadmissible merely because it may incidentally place the defendant's character in issue. [Cits.]" *Mathis v. State*, 192 Ga. App. 772, 773 (3) (386 SE2d 532).

2. The social worker from the Spalding County Department of Family & Children Services testified that she observed from her investigation that the mother believed the victim and was protective of her. Defendant complains that this was impermissible opinion evidence, "if not hearsay," and should not have been admitted over his objection on this ground. Even if this testimony was not admissible under OCGA § 24-9-65, the mother testified immediately after this witness. Thus, since defense counsel had the opportunity to confront the mother and cross-examine her under oath as to whether or not she did in fact believe the victim, the social worker's testimony in this regard was admissible. *Lynn v. State*, 181 Ga. App. 461, 463 (2), 464 (352 SE2d 602).

3. Defendant asserts in his third enumeration that the trial court incorrectly invoked the "rape-shield" statute and erred in preventing defense counsel from asking "questions regarding the child's and her family's sexual background." We do not agree.

While OCGA § 24-2-3 prohibits testimony regarding the victim's past sexual behavior, "evidence of prior false allegations by the victim does not fall within the proscription of rape-shield laws." *Smith v. State*, 259 Ga. 135, 136 (1), 137 (377 SE2d 158). In a hearing held pursuant to the *Smith* decision out of the presence of the jury, defendant was allowed to call all of his witnesses in order to show that the victim had made false accusations in the past. The trial court found no evidence to support defendant's allegations, and both counsel agreed for the record that this finding was correct. Therefore, this evidence was properly excluded. *Coxwell v. State*, 195 Ga. App. 751, 752 (2) (395 SE2d 38); *Brown v. State*, 190 Ga. App. 678, 679 (2) (379 SE2d 598).

4. In his fourth enumeration, defendant's contention that the trial court improperly denied his motion to suppress the evidence taken with the permission of the victim's mother from the bedroom he and the mother shared is likewise without merit. "A warrantless search of a residence may be authorized by the consent of any person who possesses a sufficient relationship to the premises to be inspected. [Cits.]" *Williams v. State*, 166 Ga. App. 798, 800 (2) (305 SE2d 489). Accord *Brown v. State*, 240 Ga. 274 (2) (240 SE2d 63). See also *Smith v. State*, 193 Ga. App. 196, 197 (1) (387 SE2d 571). The motion to suppress was properly denied, as well, to the obtaining of

blood, hair and saliva samples from defendant, as these represent "minor intrusions" which do not "cause the person to be a witness against himself within the meaning of Fifth Amendment protection and similar provisions of Georgia law. [Cits.]" *Strong v. State*, 231 Ga. 514, 519 (202 SE2d 428). See generally *Robinson v. State*, 180 Ga. App. 43, 50 (3) (348 SE2d 662) (reversed on other grounds in 256 Ga. 564 (350 SE2d 464)).

5. The trial court granted the State's motion in limine prohibiting any mention during opening arguments of a civil suit allegedly filed by the victim's mother against defendant. Defense counsel was allowed to question the mother on cross-examination at length on this subject, but defendant contends in his fifth enumeration that he was "irreparably harmed" by not being allowed to cross-examine the State's witnesses who preceded the mother. However, the mother was the first witness for the State who had any interest or involvement in the purported lawsuit, which she denied having filed. Defense counsel made no proffer to disclose to the trial judge that the excluded testimony would have been material or relevant to the issues in the case. "Even where a party is under cross-examination, the court may exercise a sound discretion in requiring counsel to make the relevancy of the questions apparent. [Cit.]" *Cox v. Norris*, 70 Ga. App. 580, 584 (4) (28 SE2d 888). We find no abuse of discretion.

6. The trial court did not improperly limit defense counsel in his cross-examination of the physician who examined the victim concerning his pay scale for appearing as a witness, and whether he had to be paid "up front" before he would honor a court subpoena. When questioned by the court, counsel admitted that there was no evidence the doctor had made any such demands in the instant trial. Since defense counsel had extensively examined this witness about his pay scale for testifying in court, and knew that he was in fact testifying in defendant's trial, the question could only have been asked to place the doctor in an unfavorable light before the jury. In such case, "the trial judge has as a discretion to be exercised in determining admissibility. [Cits.]" *Smith v. State*, 255 Ga. 685, 686 (2) (341 SE2d 451). We find no abuse of discretion.

7. During the State's questioning of the doctor on redirect, the trial court asked several questions to clarify what effect the two-week lapse between the victim's molestation and his examination of her would have on any physical evidence of sexual abuse. Defendant contends in his seventh enumeration that this constituted an expression or intimation on the court's part of its opinion on the facts of the case, or what had or had not been proven, in violation of OCGA § 17-8-57. "Though a judge is prohibited from expressing or intimating his opinion as to what has or has not been proved, the trial judge does have the right to propound a question or a series of questions to any

witness for the purpose of developing fully the truth of the case. The extent to which the examination conducted by the court shall go is a matter within the court's discretion. [Cits.]" *Eubanks v. State*, 240 Ga. 544, 546 (2), 547 (242 SE2d 41). We find no abuse of discretion.

8. In his final enumeration, defendant asserts that the trial court violated Rule 10.3 of the Uniform Rules for the Superior Courts by giving the jury two charges requested by the State the day after the trial began over his objection that they were not timely filed. While that rule does require all requests to charge to be submitted in writing "at the commencement of trial," it also provides "that additional requests may be submitted to cover unanticipated points which arise thereafter." Defendant does not complain that the instructions given were incorrect statements of the law or unadjusted to the evidence. "The court, whether requested or not, should give to the jury appropriate instructions on every substantial issue in the case presented by the evidence, and a failure to do so is cause for a new trial." *Walker v. State*, 122 Ga. 747 (2) (50 SE 994). Thus we find no grounds for reversal.

*Judgment affirmed. Sognier, C. J., Banke, P. J., Pope and Cooper, JJ., concur. Beasley and Andrews, JJ., concur specially. Birdsong, P. J., and Carley, J., dissent.*

BEASLEY, Judge, concurring specially.

I concur in the dissent to the extent that the witness' opinion that another witness believed the victim was inadmissible. Credibility is a matter for the jury itself, and it does not need the opinion of others on this subject to aid it in finding this fact. Thus it is not the sort of opinion admissible by virtue of OCGA § 24-9-65. Someone else's opinion about another's opinion of credibility of yet a third person is an even more remote subject of inquiry and has no discernible validity in establishing the credibility of the victim-witness.

Nevertheless, even though the mother's opinion was itself irrelevant, the evidence was harmless as cumulative, since it was, by inference if not otherwise, clear from the mother's testimony as a State's witness and from her actions in response to her child's accusations, that she accepted as true what the child said. "Evidence which is cumulative of other legally admissible evidence of the same fact, renders harmless admission of incompetent evidence. [Cits.]" *Lynn v. State*, 181 Ga. App. 461, 464 (2) (352 SE2d 602) (1987).

I am authorized to state that Judge Andrews joins in this special concurrence.

CARLEY, Judge, dissenting.

I cannot agree with the majority's conclusion in Division 2 of its opinion that the testimony of the social worker that the mother be-

lieved the victim was admissible. The majority reaches this determination "since defense counsel had the opportunity to confront the mother and cross-examine her under oath as to whether or not she did in fact believe the victim. . . ." (Majority Opinion, p. 273) The problem with this analysis is that even the mother would not have been able to testify as to whether or not she believed the victim. "A witness can neither be impeached nor sustained as to credibility by allowing another witness to testify as to his individual opinion upon this question." *Savannah &c. R. Co. v. Wideman*, 99 Ga. 245 (3) (25 SE 400) (1896). See also *Kennard v. State*, 180 Ga. App. 522, 524 (3) (349 SE2d 470) (1986). Even "[a]n expert witness may not testify as to his opinion of the victim's truthfulness. [Cits.]" *State v. Oliver*, 188 Ga. App. 47, 50 (2) (372 SE2d 256) (1988). Thus, it was error to allow the social worker to testify that the mother believed the victim. Because I cannot find any basis for holding this error to be harmless, I must respectfully dissent to the affirmance of the judgment of conviction.

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED MARCH 15, 1991 —
REHEARING DENIED MARCH 26, 1991.

*Newton & Howell, Griffin E. Howell III*, for appellant.
*W. Fletcher Sams, District Attorney*, for appellee.