A98A0879. IN THE INTEREST OF D. W., a child.
(503 SE2d 647)

ELDRIDGE, Judge.

The defendant, D. W., was a sixteen-year-old, tenth grade student at Griffin High School when he was involved in an altercation with a teacher, Joel Brumbeloe, on October 28, 1997. The State presented a petition to the Spalding County Juvenile Court charging D. W. with simple battery after he allegedly used his fist to hit Brumbeloe in the face, causing a "black eye."

A hearing was conducted on November 24, 1997. Following its case-in-chief and the testimony of two defense witnesses, the State made an oral motion to amend the petition to charge D. W. with a violation of OCGA § 16-5-23.1 (i), battery against a school official. Defense counsel strenuously objected to the amendment, asserting that he was prepared to defend only against a charge of simple battery. The trial court overruled the objection, and the hearing continued under the amended petition. Following the presentation of evidence, the trial court found that D. W. had committed the act of battery against a school official and was, therefore, delinquent. D. W. was committed to the custody of the State for five years, the first two to be served at the Youth Development Center. D. W. appeals.

1. In his first enumeration of error, D. W. contends that the trial court erred in allowing the State to amend the petition, which had

charged D. W. with misdemeanor simple battery, in order to allege battery against a school official, which is a designated felony under OCGA § 15-11-37 (a) (2) (B) (ii). D. W. contends that he was entitled to proper service and to a continuance as a matter of law. We agree and reverse the trial court's adjudication of D. W. as a delinquent.

Under OCGA § 16-5-23 (a), "[a] person commits the offense of simple battery when he either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another." In contrast, under OCGA § 16-5-23.1 (a), "[a] person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." See also OCGA § 16-5-23.1 (b). Generally, battery is a misdemeanor. OCGA § 16-5-23.1 (c).

However, in 1997, the Georgia Legislature amended OCGA § 16-5-23.1 to create the specific crime of battery against a school official. See Ga. L. 1997, p. 1064, § 9. OCGA § 16-5-23.1 (i) states that "[a]ny person who commits the offense of battery against a teacher or other school personnel, engaged in the performance of official duties or while on school property shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years or a fine of not more than $10,000.00, or both." Accordingly, the crime of battery against a school official is a greater offense than simple battery, a misdemeanor, and requires the additional proof that the infliction of "substantial physical harm or visible bodily harm" was upon a school official. In addition, the crime is a *designated felony* under OCGA § 15-11-37 (a) (2) (B) (ii), so that a finding that the defendant committed the act subjects him to significantly greater punishment than that allowed in the juvenile courts for a finding of delinquency based upon simple battery, for which a juvenile can be committed to the Department of Juvenile Justice for a maximum of two years, subject to the possibility of renewal for an additional two years. See OCGA §§ 15-11-37 (e) (1); 15-11-41 (a).

Even so, it is clear that, under Rule 6.6 of the Uniform Juvenile Court Rules, the State may amend a delinquency petition to add charges at any time prior to adjudication. However, the rule has the following proviso: "the court *shall grant* the parties such additional time to prepare as may be required to ensure a full and fair hearing. Amendments shall be freely permitted in the interest of justice and the welfare of the child. When the amended petition constitutes or adds additional charges, the petition *shall be served* in accordance with OCGA §§ 15-11-26 [and 15-11-27]." (Emphasis supplied.)

OCGA § 15-11-27 (a) requires personal service of the petition *at least 24 hours prior to the hearing* for all parties which can be located. See also OCGA § 15-11-26 (b). Other parties with ascertainable addresses can be served by registered or certified mail at least

five days before the hearing. OCGA § 15-11-27 (a). However, OCGA § 15-11-26 (f) allows a child or his parents to waive service.

(a) In this case, the amendment to the petition was not presented until midway through the defense's case. The amendment was given orally, and no written documents were presented either to the court or the defense. As such, the express, required, statutory service provisions were ignored. Further, there is no evidence that D. W. or his parents waived service by their presence at the hearing. On the contrary, D. W. appeared solely to answer a charge of simple battery, the only charge with which he had been served. Defense counsel's objection to the amendment is additional evidence that there was, in fact, no waiver of service. Accordingly, "since there was no service of process and notice as required by the above subsections of the Juvenile Court Code and since there was no valid waiver of notice of the pending charge by service of process or otherwise, the entire hearing is a nullity. [Cit.]" *In the Interest of W. M. F.*, 180 Ga. App. 397, 398-399 (2) (349 SE2d 265) (1986). The adjudication of delinquency must be reversed.

(b) In addition, the trial court failed to grant a continuance following the amendment, even though defense counsel expressly stated that he was not prepared to defend against the new felony charge. However, a continuance under the juvenile court rules is mandatory when the lack thereof will result in injury or prejudice to the defendant. See *Sanchez v. Walker County Dept. of Family & Children Svcs.*, 237 Ga. 406, 410 (229 SE2d 66) (1976). In this case, D. W. clearly was prejudiced by the trial court's failure to grant a continuance following the State's amendment to the petition. Accordingly, it was error as a matter of law for the trial court to continue the hearing without allowing additional time for the preparation of a defense.[1]

2. The two additional enumerations of error cited by D. W. are rendered moot by our decision in Division 1, supra.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

---

[1] Notably, if this case had been brought against an adult in superior court, upgrading the charge from a misdemeanor to a designated felony would have required the issuance of an indictment under OCGA § 17-7-54 (a) or an amendment to the accusation under OCGA § 17-7-70 (a) (if the defendant had waived indictment). See also OCGA § 17-7-71 (a). In either situation, the case would have been continued. See OCGA § 17-7-71 (f) (a continuance is mandatory when it is "reasonably necessitated by an amendment" to the accusation); see also *Brown v. State*, 190 Ga. App. 678, 679 (379 SE2d 598) (1989); *Riles v. State*, 155 Ga. App. 586 (271 SE2d 718) (1980). Accordingly, under principles of due process, a juvenile is entitled to the same protection against unfair surprise and to the opportunity to prepare a defense. *In re Gault*, 387 U. S. 1 (87 SC 1428, 18 LE2d 527) (1967); *In the Interest of S. H.*, 220 Ga. App. 569 (469 SE2d 810) (1996); *In re B. C.*, 169 Ga. App. 200, 201-202 (311 SE2d 857) (1983); *D. P. v. State of Ga.*, 129 Ga. App. 680 (200 SE2d 499) (1973).

DECIDED JUNE 4, 1998.

*Adams Law Firm, Herbert Adams, Jr., Marc A. Pilgrim*, for appellant.

*William T. McBroom III, District Attorney, James E. Sherrill, Assistant District Attorney*, for appellee.