## 62554. BASSETT v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his burglary conviction. *Held:*

1. The first enumeration of error is that the trial court erred in allowing the defendant's statements to be read to the jury since such statements were not voluntary. The evidence in this regard was not without conflict but the state's witness testified that the statements were freely and voluntarily given.

The applicable rules are set forth in our decision of *Lee v. State,* 154 Ga. App. 562, 563 (269 SE2d 65). " 'The standard for determining

the admissibility of confessions is the preponderance of the evidence. Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972); *High v. State,* 233 Ga. 153 (210 SE2d 673) (1974); *Hurt v. State,* 239 Ga. 665, 669 (238 SE2d 542) (1977). To determine whether the state has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances. Clewis v. Texas, 386 U. S. 707 (87 SC 1338, 18 LE2d 423) (1967); *Pierce v. State,* 238 Ga. 126 (231 SE2d 744) (1977) . . . Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. United States v. Watson, 469 F2d 362, 365 (5th Cir. 1972); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974); *High v. State,* supra; *Hurt v. State,* supra.' " Accord, *Gates v. State,* 244 Ga. 587, 590 (261 SE2d 349).

There was no error in admitting the statements made by the defendant.

2. For the first time, on appeal the defendant attempts to raise an issue as to newly discovered evidence. We find this enumeration of error nonmeritorious.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 6, 1981.

*Arch W. McGarity,* for appellant.

*E. Byron Smith, District Attorney, Donald J. Coffey,* for appellee.