76170. JOHNSON v. THE STATE.
(368 SE2d 562)

BIRDSONG, Chief Judge.
Appellant, Marvin Jerome Johnson, appeals his conviction of armed robbery. On the evening of August 30, 1986, two black men robbed the Taco Bell restaurant of more than $1,000, after accosting the restaurant shift manager at knife-point. The two men, one of whom had a halloween mask sitting on top of his head, fled after the manager was put in a closet. Minutes later the police were alerted. A halloween mask was found by the door. Sergeant Davis of the DeKalb County Police Department observed a 1973 Pontiac automobile within 150-200 yards of the Taco Bell. The vehicle had its windows rolled down and a warm hood. Sergeant Davis, using his flashlight, looked inside the vehicle and observed an open knife, some Taco Bell cups with loose and rolled-up coins, and certain other items. The vehicle was towed in.

Appellant previously had purchased the Pontiac automobile from a man named Cox, but Cox had retained the title to the vehicle pending payment in full. On September 1, 1986, appellant visited Cox and asked his assistance in recovering his automobile which appellant stated had broken down and apparently had been towed away. Initial efforts to recover the car were unsuccessful. In the meantime the police learned that Cox was the apparent owner of the car and contacted him. Subsequently appellant was arrested and made a statement. In the statement, appellant claims that he went to visit a friend, the friend was not home, his car broke down, he left it with the windows open, and when he returned the car was gone. At trial, the Taco Bell manager testified that Cox was not one of the men who robbed him. Cox denied any participation in the robbery, and identified a halloween mask, similar to the one used in the robbery and found in the car, as a mask that his son could have left in the car when it was sold. The manager of Taco Bell made a positive in-court identification of appellant as one of the robbery participants. *Held*:

1. Appellant's first enumerated error is on the general grounds

that the verdict is contrary to the evidence, against the weight of the evidence, and is contrary to law and principles of justice and equity. This enumeration of error is without merit. Our review of the transcript in a light most favorable to the jury's verdict "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offense] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant's second enumerated error is that the trial court erred in finding that appellant's statement was given voluntarily. Specifically, appellant asserts that his statement is not admissible as it has not been shown that he waived his rights of silence and counsel, and that such waiver cannot be implied from the fact that a statement was given. Further, appellant asserts that appellant's refusal to sign a written waiver invokes his right to silence.

Appellant relies, in part, on this court's determination in *Colbert v. State*, 124 Ga. App. 283 (183 SE2d 476). The facts of this case are distinguishable from those in *Colbert*. Regarding appellant's assertion that his refusal to sign a written waiver automatically invokes his right to silence, we disagree. Whether a failure to sign a written waiver constitutes such an invocation depends upon the existing circumstances. See generally *Mitchell v. State*, 254 Ga. 353 (7) (329 SE2d 481) (appellant's declination to sign a written waiver did not prevent State from carrying its burden of showing a knowing waiver).

In this case, Detective Bollinger testified that he read appellant his rights directly and exactly from his "*Miranda* card." He informed appellant what the charge was against him, and no threats, force or promises of benefit were made to appellant. Appellant had no questions about his rights, he did not request the presence of an attorney, and he never requested that the questioning stop. Appellant was given the opportunity to make either an oral or written statement, and subsequently he elected not to sign the written waiver and declined to put his oral statement in writing. In response to questions posed by appellant's counsel, Detective Bollinger testified that he asked appellant whether he wanted to waive his rights "[r]ight at the very beginning." Detective Bollinger also stated that appellant "wanted to talk and we talked," that appellant said he understood his rights, and that appellant "never said that he wanted to remain silent and he answered my questions. . . ." In response to a question from appellant's counsel as to whether he had "never expressly asked [appellant] if he wanted to remain silent, if he wanted to waiver that right and give a statement," Detective Bollinger responded, "[t]hat's correct. I asked him if he wanted to waive the rights part of the — I asked him if he understood his rights."

The trial judge made the following pertinent findings: that appel-

lant had "notice of his rights," "understood his rights," and voluntarily waived his rights. The trial judge further found that the appellant "made the statement voluntarily and without any threats of coercion."

We are satisfied that appellant's enumeration of error is without merit, and that appellant did knowingly, intelligently and voluntarily waive his right after being properly advised thereof. Factual and credibility determinations as to voluntariness of a confession, including factual and credibility determinations as to issues of rights waiver, are normally made by the trial judge and must be accepted by appellate courts unless such determinations are clearly erroneous. See generally *Sanders v. State*, 182 Ga. App. 581 (1) (356 SE2d 537); *Anderson v. State*, 178 Ga. App. 355 (2) (343 SE2d 411); *Moss v. State*, 175 Ga. App. 754 (2) (334 SE2d 355).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 7, 1988.

*Carl Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Helen A. Pryles, R. Stephen Roberts, Barbara B. Conroy, Assistant District Attorneys*, for appellees.