## 77101. SNIPES v. THE STATE.
### (373 SE2d 48)

SOGNIER, Judge.

John Snipes was convicted of two counts of armed robbery and one count of aggravated assault and he appeals.

1. Appellant first enumerates the general grounds. The record reveals that in the early morning hours of September 1, 1986, two men wearing stocking masks entered the Western Sizzlin Restaurant in Columbus, Georgia and robbed the assistant manager and a waitress at gunpoint. In addition, the assistant manager was kicked and beaten, as well as assaulted with the gun. Although the assistant man-

ager testified that he was in such fear for his life that he could tell only that the robbers were black males, the waitress identified appellant and Willie James McKay as the robbers. Charles Thomas, who worked at the restaurant as a dishwasher, testified that as he was leaving work, he observed John Hicks, the restaurant's cook, loitering about the outside of the restaurant, and that Hicks was looking for someone. As he walked to his car Thomas noticed two men wearing stocking caps on their heads, but not over their faces, crouched in the bushes alongside the restaurant. He later identified these two men as appellant and McKay. Thomas testified that at work the next day Hicks threatened him, saying that he (Thomas) had "a ticket to heaven" because he had seen the two men outside the restaurant. Both Hicks and McKay testified to their complicity in the robbery and both implicated appellant as the man with the gun. Although appellant denied at trial that he had been at the restaurant that night, two Columbus detectives testified that he had confessed to the crimes after voluntarily signing a waiver of rights form. We find this evidence sufficient to authorize the jury to convict appellant of the crimes charged under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that his confession was improperly admitted because the trial court erroneously determined that appellant had voluntarily waived his right to an attorney. We do not agree. Before admitting testimony regarding appellant's confession, the trial judge held a lengthy *Jackson-Denno* hearing. *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). It is undisputed that appellant had been interrogated by a different team of detectives on the day before the interrogation during which he confessed, and this first session was properly halted because appellant requested the assistance of counsel. However, appellant, a 34-year-old man with two years of college education, admitted being read his rights and signing a waiver of those rights, including the right to counsel, the day after he requested an attorney. In *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981), the Supreme Court held that once an accused expresses the desire to deal with the police only through counsel, subsequent advice of rights and acquiescence by the accused to police-initiated interrogation does not establish a valid waiver. "[O]nce a suspect has invoked the right to counsel, any subsequent conversation must be initiated by him. [Cit.]" *Solem v. Stumes*, 465 U. S. 638, 641 (104 SC 1338, 79 LE2d 579) (1984). "But even if a conversation taking place after the accused has 'expressed his desire to deal with the police only through counsel,' is initiated by the accused, where reinterrogation follows, the burden remains upon the prosecution to show that subsequent events indicated a waiver of the Fifth Amendment right to have counsel present during the interroga-

tion." *Oregon v. Bradshaw*, 462 U. S. 1039, 1044 (103 SC 2830, 77 LE2d 405) (1983).

In the case sub judice, the testimony at the *Jackson-Denno* hearing was in direct conflict as to whether appellant initiated the interview at which the confession was obtained, as the two detectives testified, or whether it was initiated by the police, as appellant alleged. The issue was thus one of credibility. " ' "The standard for determining the admissibility of confessions is the preponderance of the evidence. [Cits.] To determine whether the state has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances. [Cits.] . . . Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. [Cits.]" ' [Cit.]" *Bassett v. State*, 159 Ga. App. 829-830 (1) (285 SE2d 260) (1981). We find that the trial court's determination was not clearly erroneous and that there was no error in the admission of the confession.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1988.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*H. Haywood Turner III*, for appellant.

*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.