A89A0370. JOHNSON v. THE STATE.
(383 SE2d 146)

POPE, Judge.

Defendant Eddie D. Johnson appeals his conviction of robbery by sudden snatching. We affirm.

1. Defendant made several statements to the authorities after his arrest in which he admitted driving the get-away car for an unidentified man who ran out of a jewelry store with two diamond rings that were being shown to him by a store clerk. Although defendant testified at the admissibility hearing that he had requested the benefit of counsel before making the statements and no counsel was provided, the evidence shows defendant signed written waivers of his right to counsel. The officers who questioned defendant also testified that defendant was informed of his right to counsel on each occasion before he was questioned and that defendant waived his right to counsel and made the statements voluntarily. "Factual and credibility determinations as to voluntariness of a confession, including factual and credibility determinations as to issues of rights waiver, are normally made by the trial judge and must be accepted by appellate courts unless such determinations are clearly erroneous." *Johnson v. State*, 186 Ga. App. 801, 803 (368 SE2d 562) (1988). We find the trial court did not err in admitting defendant's custodial statements.

2. Given defendant's custodial statements and the circumstantial evidence presented in the case, sufficient evidence was presented from which a jury could find defendant guilty beyond a reasonable doubt.

3. On motion for new trial, defendant argued he received ineffectual assistance of counsel at trial. Defendant testified his counsel knew or should have known he was under the influence of drugs during the trial and that he told his counsel he was under the influence of drugs on each occasion on which he made a custodial statement to the

investigating officers, yet counsel failed to bring these matters to the attention of the court. Defendant's counsel, testifying at the hearing on the motion for new trial, denied any knowledge or suspicion that defendant was under the influence of drugs at any time during the trial of the case and did not recall defendant ever informing him that he was under the influence of drugs when the custodial statements were made. The investigating officers who observed the defendant at the time of his custodial statements testified defendant did not appear to be under the influence of drugs. The trial judge who heard the motion for new trial was also the judge who conducted the trial and had the opportunity to observe defendant during the trial of the case. We find no evidence to support defendant's contention that he was denied effective assistance of counsel.

4. Testimony of witnesses to the robbery showed that the getaway car was red and that a bystander who pursued the robber out of the store was able to slash the rear tire of the vehicle with a knife as it drove away from the jewelry store. The prosecutor asked one of the arresting officers, "Did you find a red vehicle, one with a tire flat on it sitting out there [at the apartment building where defendant was arrested]?" The question, though somewhat leading, essentially asked, "Did you find a vehicle which matched the description of the getaway car?" We find no reversible error in the trial court's overruling defendant's objection to the question.

5. One of defendant's custodial statements contained a reference to the fact that defendant and others took an unidentified drug before committing the robbery. We find no reversible error in the admission of a police officer's testimony concerning his opinion of the definition of certain slang words used by defendant in regard to the taking of drugs.

6. Defendant waived his objection to the court's consideration of a previous felony conviction which did not show on its face whether defendant was represented by counsel because the objection was not raised during the sentencing hearing. See *Golden v. State*, 177 Ga. App. 747 (341 SE2d 480) (1986); *Copeland v. State*, 160 Ga. App. 786 (12) (287 SE2d 120) (1982).

7. We have considered defendant's enumerations of error in regard to the instructions given to the jury, as well as requested instructions not given, and find no reversible error.

8. The trial court did not abuse its discretion in allowing an officer witness to remain in the courtroom at the request of the prosecutor to assist the prosecutor in the trial of the case even though the rule of sequestration was invoked. See *Justice v. State*, 213 Ga. 166 (2) (97 SE2d 569) (1957).

9. The court did not err in refusing to conduct a hearing outside the presence of the jury before the officer testified that a bag contain-

ing two handguns was found in the defendant's bedroom closet. First, no specific objection to the relevance of this testimony was raised by defendant at trial. Second, the presence of the gun was relevant to the facts of the case at hand since defendant admitted in his custodial statement that the other parties to the crime had carried a gun and that upon returning to the apartment building after the robbery, one of the other parties gave defendant a bag and told him to "stash it" at his apartment.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MAY 22, 1989 —
REHEARING DENIED JUNE 6, 1989 — ▉▉▉▉▉▉▉▉

*Nancy A. Bradford*, for appellant.

*W. Fletcher Sams*, District Attorney, *William H. Stevens*, Assistant District Attorney, for appellee.