## A89A0998. MATHIS v. THE STATE.
(386 SE2d 532)

BIRDSONG, Judge.

Appellant, William O'Neal Mathis, appeals the sentence arising from his conviction for rape, aggravated sodomy, kidnapping, and three counts of possession of a firearm during the commission of the above three felonies.

Nancy M. was jogging and fast-walking during her lunch hour. Appellant forced her into his car under threat of shooting her with the gun he was carrying. While appellant was driving he fondled Nancy M. with one hand and drove with the other; the gun was placed in his lap. In response to appellant's cross-examination as to why she did not grab the gun, Nancy M. testified that she had "never seen a gun before in [her] life and [she] was scared"; that she "wouldn't know how to shoot a gun"; and, that "[a]ll I wanted to do is not die."

Appellant took Nancy M. to a house owned by a friend of his, where he forced her to submit to an act of oral sodomy and raped her. During a portion of the rape incident the gun was placed on the floor next to appellant. Nancy M. was also cross-examined regarding why she did not attempt to grab the gun when it was on the floor; she testified that the appellant was bigger than her, and "I never shot a gun. I wouldn't know what to do." Nancy M. made an in-court identification of the appellant as her assailant.

Following the incident Nancy M. was released by appellant and she entered the house of another woman seeking help. Persons who viewed her at this house and certain hospital personnel testified that she appeared to be in shock and to be greatly upset. She would not let the police come to the house, but insisted that they go to the hospital, as the appellant had threatened that either he or his partner would kill her if she called the police.

Appellant testified that Nancy M. voluntarily accepted a ride with him, she did not resist his advances and engaged in sexual intercourse with him, with apparent consent, but that no act of sodomy occurred. *Held*:

1. Appellant asserts that the verdicts are contrary to the weight and sufficiency of the evidence. On appeal the evidence must be viewed in the light most favorable to the verdict, and the appellant is no longer shielded by a presumption of innocence. *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257).

2. Appellant asserts that his out-of-court statements to police were made with the manifest hope of benefit and therefore were erroneously admitted at trial as voluntarily made.

Appellant testified that the law enforcement agent had offered him a monetary benefit and had told him that it "would go easier on [his] case" if appellant assisted them in locating a person named Notae. The law enforcement officer denied such statements. The trial judge found, as to each statement in question, from a preponderance of the evidence with respect to the statement which the State intended to offer, that the defendant was advised of each of his *Miranda* rights before that statement was made; that he understood those rights; that he voluntarily waived them and that he thereafter gave his statement freely and voluntarily without any hope of benefit or fear of injury.

"Factual and credibility determinations as to voluntariness of a confession, including factual and credibility determinations as to issues of rights waiver, are normally made by the trial judge and must be accepted by appellate courts unless such determinations are clearly erroneous." *Johnson v. State*, 186 Ga. App. 801, 803 (368 SE2d 562); accord *Snipes v. State*, 188 Ga. App. 366, 368 (373 SE2d 48); *Walker v. State*, 186 Ga. App. 765 (2) (368 SE2d 547).

3. Appellant asserts that his character was illegally and improperly injected into evidence when the trial court allowed testimony regarding an alleged burglary to be admitted.

The record reveals the following colloquy between a State's rebuttal witness who lived in the house where the incident occurred and court personnel. "[PROSECUTOR]: Does he [appellant] have a key? [DEFENSE COUNSEL]: Your, Honor, I object and may we approach the Bench. . . .? THE COURT: All right. . . . [DEFENSE COUNSEL]: I wish to object to the line of questioning because it leads to insinuate that my client has broke in, insinuating that he burglarized that particular house. . . . THE COURT: Objection overruled. Make the same objection on the record. (Whereupon, the Bench conference [was] concluded.) [DEFENSE COUNSEL]: Your Honor, we would like to object on the ground that the prosecutor is tending to . . . introduce [appellant's] character into evidence, as he was breaking into this individual's house and again the fact that it tends to go towards his character. We now move for a mistrial in that matter as well. THE COURT: Objection overruled and motion denied."

It is well-established that if evidence is otherwise relevant and material to the issues being tried, it is not rendered inadmissible merely because it may incidentally place the defendant's character in issue. *Lanzo v. State*, 187 Ga. App. 616 (2) (c) (371 SE2d 119), citing *Worthy v. State*, 180 Ga. App. 506, 508 (3) (349 SE2d 529); accord *Frazier v. State*, 257 Ga. 690, 698 (362 SE2d 351). What is forbidden

is the State's introduction in the first instance of evidence whose sole probative value is that it tends to show a defendant's bad character. *Robinson v. State*, 192 Ga. App. 32 (383 SE2d 593) (1989) and cases cited therein.

In this instance, evidence that the door was supposed to be locked and that appellant did not have a key would tend to corroborate the testimony of the victim that appellant had "put the gun in [her] back and forced [her] up some back stairs and we went into, this looked like the door, *you couldn't open the door, we had to kind of like crawl through the side* and into the back room. . . ." (Emphasis supplied.) "Any evidence is relevant which logically tends to prove or to disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant." *Smith v. State*, 181 Ga. App. 136 (1) (351 SE2d 530). Even " '[w]here the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to determination by the jury.' " *Wright v. State*, 186 Ga. App. 231 (2) (a) (366 SE2d 834); compare *Toole v. State*, 146 Ga. App. 305 (8) (246 SE2d 338). As this evidence had some relevancy, we are satisfied that the trial court did not abuse its discretion in denying appellant's objection and mistrial motion.

Moreover, we note that the first reference to the appellant's breaking into the house was made by his defense counsel in stylizing his objection. One cannot complain of a judgment, order, or ruling that his own procedure or conduct has caused. *Rush v. Southern Property Mgmt.*, 121 Ga. App. 360 (2) (a) (173 SE2d 744). Induced error is impermissible. *Edwards v. State*, 235 Ga. 603 (2) (221 SE2d 28).

4. Appellant asserts that the trial court erroneously failed to amend its charge on the issue of consent when charging the jury. Specifically, the appellant at trial took exception to the charge on consent because it failed to instruct the court that "if the State fails to prove such [lack of consent] beyond a reasonable doubt, then you should acquit the defendant. . . ."

When examining the correctness of a specific charge, we must review the charges in their entirety, as the charges to the jury are to be taken as a whole and not out of context. *Johnson v. State*, 187 Ga. App. 803 (3) (371 SE2d 419).

The court charged the jury that "[t]he burden . . . is upon the State to prove the defendant's guilt as charged in these indictments beyond a reasonable doubt. The burden never shifts to the defendant to prove his innocence with respect to any of these six charges." The court also charged the jury as follows: "The defendant contends that there was no rape and that intercourse with the alleged female victim was with the consent of said female, freely and voluntarily given. I

charge you further in that regard that the *lack of consent* on the part of the female *is an essential element of the crime of rape. The burden of proof is upon the State to show a lack of consent on the part of the alleged female victim beyond a reasonable doubt. Consent* on the part of the alleged female victim *is fatal to a conviction for rape.* . . . As you have seen from these instructions they mean that with respect to each of these charges of kidnapping, rape, and aggravated sodomy, if you should find that the acts complained of were freely consented to by the alleged victim, such consent would bar a conviction for such offense. . . . The *lack of consent being an essential element in each of these three charges. The burden is upon the State to prove the same beyond a reasonable doubt.*" (Emphasis supplied.)

This court repeatedly has held that the trial court's failure to charge in the exact language requested is not error where the substance of the request is given in legally sufficient and correct terminology. *Ortiz v. State*, 188 Ga. App. 532 (4) (374 SE2d 92). In this instance the trial court has substantially charged on the matter of which appellant complains. Id.; accord *Kelly v. State*, 241 Ga. 190 (4) (243 SE2d 857). In *Skinner v. State*, 188 Ga. App. 458 (2) (373 SE2d 271), we held that it is unnecessary to give the precise language of a requested charge when the principles upon which the jury must make its decision have been clearly explained by the trial court. Such being the situation in this case, the assignment of error is without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 8, 1989.

*Steven A. Hathorn*, for appellant.
*John M. Ott, District Attorney*, for appellee.