A89A1010. NEWELL v. THE STATE.
(387 SE2d 611)

POPE, Judge.
Defendant Roderick Newell appeals from his convictions and
sentences for the offenses of armed robbery and violation of the Geor-
gia Firearms & Weapons Act.

Construed so as to support the verdict, the evidence presented at
trial showed that on March 12, 1988, defendant and the co-defendant,
Frederick Browning, who pled guilty prior to trial, entered a Church's
Fried Chicken restaurant; defendant was carrying a green bag or
satchel and both he and Browning were carrying sawed-off shotguns.
Defendant and the assistant manager went to the back of the restau-
rant where the safe was located; when they emerged approximately
five minutes later Browning directed the assistant manager to give
him the money from the cash register. Another employee of the res-
taurant remained prone on the floor during the entire time the de-
fendant and Browning were in the restaurant. Both the employee and
the assistant manager left Church's employment shortly after the in-
cident and neither testified at trial.

Defendant and Browning were seen exiting the restaurant by sev-
eral witnesses who provided descriptions to the police. They ran to a
waiting U-Haul truck and attempted to make their get-away but were
apprehended within a block of the restaurant. Defendant, who was
driving the van, initially tried to flee when the police approached him
but he was quickly captured. A search of the van revealed both the
green satchel containing a sum of money and two sawed-off shotguns
which had been stored under the passenger seat. Both shotguns were
loaded.

Defendant gave a pre-trial statement to police which indicated
that the assistant manager of the store was "in on" the robbery. De-
fendant also stated that he took Browning along with him because he
knew Browning needed the money. Browning testified at trial that the
defendant had stated to him that it was "an inside job." Defendant
also testified at trial, at which time he recanted his previous state-
ment and denied his involvement in the robbery, testifying instead

that Browning and he were on their way to pick up some furniture when Browning directed him to stop around the corner from the restaurant so that he could go in and get some money from a man he knew. Defendant testified further that he saw Browning and another man running up the street approximately five minutes later, and that Browning then jumped in the truck, and said "Let's go. They set us up." Defendant testified that it was at this point that he noticed for the first time that Browning was carrying a shotgun. Defendant stated that he initially lied about his involvement in the crime because Browning told him they should blame it on the assistant manager so that defendant and Browning would receive a lighter sentence. *Held:*

1. In his first and third enumerations of error defendant challenges the sufficiency of the evidence, arguing, in essence, that the evidence failed to show the money was taken without the consent of the assistant manager, because testimony was presented at trial that the assistant manager was "in on" the crime. We find no merit to this enumeration. The evidence here was sharply in conflict with defendant recanting his pre-trial statement concerning the assistant manager's involvement and contending instead that he had no knowledge of the crime and that he was not involved in its commission. However, other evidence was presented which would authorize the jury to conclude that defendant and the co-defendant did take, with or without the participation of the assistant manager, the money from the restaurant safe and cash register belonging to Church's Fried Chicken, and that both brandished loaded sawed-off shotguns during the commission of these acts. "Since the money did not belong to the [assistant manager, the taking of the money with permission] of one who did not own [it] does not, as a matter of law, show the absence of 'any participation in a crime.' " *Tisdol v. State*, 158 Ga. App. 852, 853 (282 SE2d 411) (1981). " 'The weight of the evidence and the credibility of the witnesses are questions for the factfinder.' *Patterson v. State*, 181 Ga. App. 68 (2) (351 SE2d 503) [(1986)]. The evidence presented at trial was sufficient to enable a rational trier of fact to find [defendant] guilty of both offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]." *Tann v. State*, 189 Ga. App. 868 (377 SE2d 915) (1989). See also *Baxter v. State*, 188 Ga. App. 598 (1) (373 SE2d 834) (1988); *Snipes v. State*, 188 Ga. App. 366 (1) (373 SE2d 48) (1988).

2. Defendant also contends that the trial court erred in refusing to instruct the jury, upon written request, on the lesser included offense of theft by taking. Again we find no error. As stated in Division 1, the jury, based on the testimony presented at trial, was authorized to conclude either that defendant had no knowledge of and did not participate in the crime, or that he and Browning, with or without the

participation of the assistant manager, took money which did not belong to any of the alleged participants in the crime while brandishing loaded sawed-off shotguns. " 'A jury charge is properly refused where it is not authorized or adjusted to the evidence adduced at trial.' " (Citation and punctuation omitted.) *McNeese v. State*, 186 Ga. App. 410, 411 (367 SE2d 235) (1988). Cf. *Tisdol v. State*, supra, in which the defendant admitted committing the acts forming the basis of the conviction, but "vehemently denied that either he or the co-defendant used a gun . . . ." Id. at 853.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 31, 1989.

*Michael T. McClain, Robert D. Wildstein*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.