A90A0812. SPIVEY v. THE STATE.
(397 SE2d 588)

COOPER, Judge.
Appellant was convicted by a jury of child molestation. In addi-tion to the general grounds, appellant enumerates as error three evi-

dentiary rulings made by the trial court.

The evidence viewed in a light to support the jury's verdict reveals that the four-year-old victim's father took his wife and the victim with him to appellant's trailer to place a deer stand in the woods behind the trailer; that he left the victim with appellant in the trailer for approximately forty-five minutes; that on the way home the victim told her father that appellant let her play with his "butt-butt," which is the victim's term for all parts of the body between the waist and the knees; and that upon returning home, the victim indicated, by pointing to the area where she touched appellant and motioning with her hand in an up and down manner, that appellant let the victim "masturbate" him. The victim's father took his wife and the victim to the sheriff's department to report the incident, and later that same day the victim was interviewed by a social services specialist with the Department of Family & Children's Services. Approximately five days later, appellant, at the request of the investigating officer, went to the sheriff's department to discuss the accusations. After being advised of his rights, appellant signed a waiver of rights form. The officer explained to appellant the allegations made by the victim. After first denying that anything happened, appellant stated to the officer: "You've got it Captain." "I need help." "It happened basically the way she said. I need help." Appellant then provided a statement in his own handwriting describing the molestation.

1. Appellant contends the State failed to prove his guilt beyond a reasonable doubt. The evidence was sufficient to enable a rational trier of fact to find appellant guilty of child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next contends that the trial court erred in admitting the out-of-court declarations made by the victim to her father and the social worker. "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3. The statements made by the victim to her father appear to have been made within a few hours after the molestation occurred, and we conclude they were admissible as part of the res gestae. *Kilgore v. State*, 177 Ga. App. 656 (2) (340 SE2d 640) (1986). The statements made to the social worker were also made the day of the incident, and while they may lack the spontaneity of the statements made to the father, " '(a) trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered . . . will not be disturbed on appeal unless that determination is clearly erroneous.' [Cits.]" *In re J. B.*, 183 Ga. App. 229 (4) (358 SE2d 620) (1987). The social worker's testimony was consistent with the testimony of the victim's father

and the confession of appellant; therefore, " 'the evidence was cumulative and its admission not prejudicial to the defendant.' [Cit.]" *Hyde v. State*, 189 Ga. App. 727, 730 (1) (377 SE2d 187) (1988).

3. In his third enumeration of error, appellant contends that the trial court erred in not admitting evidence of the victim's habit of following adults into the bathroom and two allegedly false accusations made by the victim against persons regarding matters unrelated to the charges against appellant. Prior to trial appellant filed a motion to obtain a ruling as to the admissibility of evidence that (1) the victim told her father that she saw her mother in bed with his brother, and (2) that the victim falsely accused her mother of flushing her goldfish down the toilet. In *Smith v. State*, 259 Ga. 136 (1) (377 SE2d 158) (1989) the Supreme Court held that it was harmful error to not admit testimony of previous false allegations made by the victim. Although *Smith* involved a victim's allegedly false accusations of sexual misconduct by other men, we find the reasoning of that case to be applicable to the accusations made by the victim in this case. While we cannot say that the victim's allegedly false accusations show a propensity of the victim to make false statements regarding sexual misconduct, the accusations, if false, would tend to show the propensity of the victim to make false allegations against other persons. Therefore, before ruling on the admissibility of the evidence, the trial court should have made a " 'threshold determination (outside the presence of the jury) that a reasonable probability of falsity [existed].' [Cit.]" *Smith*, supra at 137. However, since the properly admitted confession of appellant (see Division 4) clearly showed his guilt, the error in not admitting the evidence was harmless error. See *Mahone v. State*, 237 Ga. 120 (3) (227 SE2d 16) (1976); *Fitzgerald v. State*, 166 Ga. App. 307 (3) (304 SE2d 114) (1983).

We find no error with the trial court's exclusion of evidence showing the victim had a habit of following adults into the bathroom, since that evidence clearly had no relevance to the issue of whether appellant committed the crime charged.

4. Appellant also contends that the trial court erred in admitting his confession because he was intoxicated at the time that he waived his right to counsel. At the *Jackson-Denno* hearing, appellant testified that he had been drinking beer when the officer asked him to come to the sheriff's department and that he was intoxicated when he wrote his confession. An officer with the sheriff's department who was present when appellant signed the waiver of rights testified that there was no evidence that appellant was intoxicated and that he appeared to sign the waiver freely and voluntarily. The investigating officer testified that appellant told him he drank one beer prior to coming to the station, but appellant did not appear to be intoxicated in any way. " 'Factual and credibility determinations as to voluntariness of a

confession, including factual and credibility determinations as to issues of rights waiver, are normally made by the trial judge and must be accepted by appellate courts unless such determinations are clearly erroneous.' [Cit.]" *Johnson v. State*, 191 Ga. App. 810 (1) (383 SE2d 146) (1989). We find no error with the admission of appellant's custodial statements.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 19, 1990.

Robert M. Bearden, Jr., for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.